■ FAIRVIEW FIRE DISTRICT, Respondent, v FAIRVIEW PROFESSIONAL FIREFIGHTERS ASSN., INC., LOCAL 1586, IAFF, AFL-CIO, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Westchester County (Delaney, J.), dated March 31, 1987, which granted the application.

Ordered that the judgment is affirmed, with costs.

In the instant proceeding the arbitrator was called upon to determine whether the petitioner had violated the collective bargaining agreement when it denied two firefighters' requests

for exchanges of duties. The applicable provision of the agreement stated, in pertinent part, that "Exchanges [of duty] beyond two (2) per year shall be at the sole discretion of the [Fire] Chief or his designee". The firefighters in question had already had two exchanges for the calendar year, and the arbitrator made no finding that a provision of the contract had been violated. However, in reliance upon the past practices of the parties, he found that "the Fire District is precluded from denying requests for exchange of duty * * * on the ground that those seeking exchanges had already had two or more exchanges in the calendar year, or on the ground that the grant of such requests would result in 24 hour tours of duty".

Inasmuch as the collective bargaining agreement clause stated "[t]he Arbitrator shall have no jurisdiction, power or authority to amend, modify, supplement or vary any provision of this Agreement", the arbitrator acted improperly in relying upon past practices so as to negate the express language of the applicable provision of the collective bargaining agreement which granted sole authority over exchanges of duty beyond two per year to the fire chief (see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn., 129 AD2d 708, appeal dismissed 70 NY2d 719; Matter of Board of Educ. v North Babylon Teachers' Org., 104 AD2d 594; cf., Matter of Albany County Sheriff's Local 775 [County of Albany], 63 NY2d 654; Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578).

In light of our holding we need not address the further issue of whether the award contravened public policy. Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.