■ In the Matter of HENRY QUENTZEL PLUMBING SUPPLY Co., INC., Appellant, v PAUL QUENTZEL et al., Respondents. [598 NYS2d 23] —In a proceeding pursuant to CPLR article 75, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered April 15, 1991, which, *inter alia,* upon an order of the same court dated March 6, 1991, granting the respondents' motion to confirm the arbitration award, confirmed the award. The petitioner's notice of appeal from the order dated March 6, 1991, is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The appellant contends that the arbitration award should be vacated because one of the three arbitrators who heard the matter should have been disqualified from sitting on the panel. At the commencement of the arbitration hearing, it was revealed that one of the arbitrators, a specialist in forensic accounting, had previously had occasional professional contacts with the respondents' expert witness and the accounting firm for which the expert worked. The arbitrator and the witness had served together on several professional committees and educational panels in the past, and the arbitrator had sometimes served as an unpaid consultant for the firm, something which he had done for many major accounting firms in the country. However, there had been no personal contact between the arbitrator and the witness during the period of two to four years immediately prior to the arbitration hearing.

It is well settled that mere occasional associations between

an arbitrator and a party or witness will not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality (see, Matter of Siegel [Lewis], 40 NY2d 687, 690; Matter of Labor Relations Section of N. N. Y. Bldrs. Exch. v Gordon, 41 AD2d 25, 27; Matter of Colony Liq. Distribs. [Local 669], 34 AD2d 1060, 1061; Matter of Cross Props. [Gimbel Bros.], 15 AD2d 913, 914, affd 12 NY2d 806). Rather, it must be shown that the arbitrator and the party or witness have some ongoing relationship (see, Matter of Cross Props. [Gimbel Bros.], supra, at 914). The very purpose of arbitration is to have a dispute resolved by persons knowledgeable in a given area (see, Hodges Intl. v Rembrandt Fabrics, 44 AD2d 77, 79). Therefore, if the courts were to disqualify every arbitrator who has had professional contacts with a party or witness, it would be difficult to maintain the arbitration system (see, Matter of Cross Props. [Gimbel Bros.], supra, at 914). Here, the nature of the past contacts between the arbitrator and the witness was insufficient to support a finding that there was an appearance of bias or partiality. Moreover, the appellant failed to demonstrate any prejudice to its rights as a result of any alleged appearance of bias or impartiality (see, CPLR 7511 [b] [1]). Accordingly, we find that the Supreme Court properly confirmed the award.

As the other issues raised by the appellant have not been preserved for appellate review, we refuse to pass upon them (see, Matter of Arbor Oaks Civic Assn. v Zoning Bd. of Appeals, 112 AD2d 988). Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.