■ In the Matter of ROCKLAND COMMUNITY COLLEGE FEDERATION OF TEACHERS, LOCAL 1871, Respondent, v ROCKLAND COMMUNITY COLLEGE et al., Appellants. [615 NYS2d 446] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated January 24, 1991, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.) entered June 10, 1992, which granted the petitioner's motion to confirm the award and denied the appellants' cross-motion, *inter alia,* to vacate the award.

Ordered that the judgment is affirmed, with costs.

The issue before the arbitrators was whether Rockland Community College (hereinafter the College) violated the collective bargaining agreement between it and the petitioner when the President of the College, rather than the Board of Trustees, determined not to renew the "term" appointments of two of its faculty members (hereinafter the grievants). The arbitrators found that the College's action was in violation of the collective bargaining agreement. They directed the Board of Trustees to abide by the termination or nonrenewal procedures contained in the collective bargaining agreement and to issue a decision regarding the reappointment of the grievants. The arbitrators also awarded the grievants back pay and gave the College the option of reinstating them for the balance of the academic year. The Supreme Court confirmed the award, and we affirm.

Contrary to the appellants' contention, the arbitrators did not rewrite the parties' collective bargaining agreement when they rejected the alleged past practices of the College and a prior arbitration award in making their decision. Arbitrators are not "bound by principles of substantive laws or by rules of evidence" *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308). Further, when, as here, the language of the parties' agreement is clear and unambiguous, the arbitrator may not bypass the express contract provisions and rely instead on past practices *(see, Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn.,* 129 AD2d 708).

The appellants' contention that the arbitrators exceeded their powers, as limited by the collective bargaining agreement, is also without merit. The limiting paragraph of the collective bargaining agreement upon which the appellants rely pertains to grievances relating to notification of termination or nonrenewal and limits such grievances to questions of timeliness. However, the parties stipulated to submit the entire issue of termination or nonrenewal of appointments to the arbitration panel, which therefore was not limited to any one particular contract provision in making its determination. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.