In the Matter of the Arbitration between WAGNER STOTT CLEARING CORP., Respondent, and J.A. CELENTANO SECURITIES CORP. et al., Appellants. [638 NYS2d 655]

Appellants seek to vacate the unanimous award of a panel of three arbitrators based upon the failure of one of the arbitrators to disclose that his brother, an independent securities broker, transacted substantial business through a clearing house that was wholly owned by the petitioner's parent company, Merrill Lynch Pierce Fenner & Smith. Not all undisclosed relationships will result in disqualification or provide a basis to vacate an arbitration award for the appearance of bias or partiality (*see, Matter of Weinrott [Carp]*, 32 NY2d 190, 201; *Matter of Cross Props. [Gimbel Bros.]*, 15 AD2d 913, *affd* 12 NY2d 806). In this case, assuming arguendo, the arbitrator was aware of his brother's business relationship with another subsidiary of petitioner's parent organization, the relationship is too attenuated to raise even an inference or appearance of partiality. Under the circumstances, therefore, the failure of the arbitrator to disclose the relationship does not necessitate a vacatur of the award. We note appellants here utterly failed to demonstrate the existence of actual bias on the part of the arbitrator in question (*see, Matter of Kornit [Plainview-Old Bethpage Cent. School Dist.]*, 49 NY2d 842). Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.