■ In the Matter of SACHEM CENTRAL TEACHERS ASSOCIATION, Respondent, v BOARD OF EDUCATION OF SACHEM CENTRAL SCHOOL DISTRICT, Appellant. [642 NYS2d 969] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 3, 1995, which granted the petition.

Ordered that the order is affirmed, with costs.

The parties entered into a collective bargaining agreement (hereinafter the agreement) covering numerous salary schedules for teachers. Each schedule set forth regular annual salaries, which would increase horizontally by the attainment of educational credits, i.e., columns, and vertically by the number of years of credited service, i.e., steps. Under the salary schedules, when a teacher's service exceeded the maximum number of vertical steps, they were paid at the regular salary rate specified by the vertical step which recognized the highest number of years of service for their column. Thereafter, the parties agreed to a mid-school year salary increase, and to the addition of two longevity vertical steps for each column. However, 17 teachers, who had been at the maximum steps of their respective salary schedule columns, having served two or more years longer than the maximum step, advanced to a higher column, but not to the step that reflected their credited

years' service. The Board of Education (hereinafter the Board) would only advance a teacher by one step in one year since there was no contractual language that would reflect the payment of a double increment. As a result, the Sachem Central Teachers Association (hereinafter the Union) instituted a contract grievance on behalf of the 17 teachers and thereafter, submitted the dispute to arbitration pursuant to Article XVII of the agreement. Following a hearing, the arbitrator denied the grievance, and concluded that the Board did not violate the agreement when it refused to pay a double increment to the 17 teachers. Upon the Union's petition, the Supreme Court determined that the arbitrator exceeded his power and vacated the arbitrator's award.

The clause in the agreement which provided for arbitration, expressly narrowed the scope of arbitration by stating that "[t]he arbitrator shall have no power to alter, add to or detract from the provisions of the Agreement". Contrary to the Board's contention that the arbitrator did not bypass an express contractual provision and invoke past practice to rewrite the contract, we find that the arbitrator did indeed bypass the express provision of Article X, Section 3 of the agreement, directing that "[e]ach teacher is to be placed on the proper salary step according to his years in the system". The arbitrator applied the past practice of advancing teachers one step for each year's service, taking into account that, under the past practice, there had been two teachers who would have been otherwise eligible for a double increment, but nevertheless advanced only one step. As a result, the arbitrator found the past one-step advancement binding in this situation as well, despite the clear, unambiguous language of Article X, Section 3. Hence, the arbitrator acted improperly in relying upon past practice so as to negate the express language of the applicable provision of the agreement (*see, Fairview Fire Dist. v Fairview Professional Firefighters Assn.*, 143 AD2d 727, 728; *Matter of Board of Educ. v North Babylon Teachers' Org.*, 104 AD2d 594, 595). O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.