■ In the Matter of KERI CHERNUCHIN, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [701 NYS2d 672] —In a proceeding pursuant to CPLR article 75 to confirm an

arbitration award, Liberty Mutual Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated February 3, 1999, which, upon an order of the same court dated January 7, 1999, confirming the award, is in favor of the petitioner and against it in the principal sum of $825,000.

Ordered that the judgment is affirmed, with costs.

We reject the appellant's contention that the arbitration award should have been vacated based on the appearance of partiality of the arbitrator. It is well settled that mere occasional associations between an arbitrator and those appearing before him generally will not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality (*see, Matter of Siegel [Lewis]*, 40 NY2d 687, 690; *Matter of Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678). Here, the nature of the contacts between the arbitrator and the petitioner's attorney were insufficient to support a finding that there was an appearance of bias or partiality (*see, Matter of Quentzel Plumbing Supply Co. v Quentzel, supra*). Moreover, the appellant failed to demonstrate any prejudice to its rights as a result of any alleged appearance of bias or partiality (*see,* CPLR 7511 [b] [1]). The appellant's remaining contentions are without merit. Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.