■ ELIAS ELENI RESTAURANT CORP., Respondent, v 8430 NEW UTRECHT CORP., Appellant. [724 NYS2d 322] —In an action, *inter alia*, for specific performance of an option to purchase real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 23, 2000, as granted that branch of the plaintiff's motion which was for partial summary judgment on its cause of action for specific performance and denied its cross motion pursuant to CPLR 7511 to vacate the award of an independent appraiser/arbitrator.

Ordered that the order is affirmed, with costs.

We reject the defendant's contention that the appraisal should have been vacated based on the appearance of partiality of the appraiser/arbitrator. It is well settled that mere occasional associations between an arbitrator and those appearing before him or her will generally not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality (*see, Matter of Chernuchin v Liberty Mut. Ins. Co.*, 268 AD2d 521; *Matter of Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678). Here, the nature of the contacts between the appraiser/arbitrator and the plaintiff's president, arising from a single, isolated business transaction involving third parties, was too remote and speculative to support a finding that there was an appearance of bias or partiality (*see, Weinrott v Carp*, 32 NY2d 190; *Matter of Quentzel Plumbing Supply Co. v Quentzel, supra*).

The defendant's remaining contentions are without merit. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.