■ In the Matter of McLAUGHLIN, PEVIN, VOGEL SECURITIES, INC., et al., Appellants, v SUSAN UNGAR, Respondent. [847 NYS2d 582]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), entered July 18, 2006, confirming an arbitration award in the total amount of $640,341.77, and denying the petition to vacate that award, unanimously affirmed, with costs.

The preoccupation of two of the arbitrators with certain behavior by one of petitioner's employees, and its possible impact on their ruling in favor of respondent, does not constitute "evident partiality" warranting vacatur of the award (*cf. Morelite Constr. Corp. [Div. of Morelite Elec. Serv., Inc.] v New York City Dist. Council Carpenters Benefit Funds*, 748 F2d 79, 84 [2d Cir 1984]). The issue arose during the hearing, collateral to the issue of improper trading, and was not an example of preexisting bias. Petitioners have thus failed to meet their burden of demonstrating such impropriety as to overcome the deference normally given to arbitration awards.

Petitioners seek to overturn the award on the ground of procedural impropriety, alleging violations of National Association of Securities Dealers rules. However, examination of those allegations reveals they either were not raised previously or were not so substantial as to warrant vacatur. Concur—Lippman, P.J., Marlow, Williams and Gonzalez, JJ.