In the Matter of GOOD SAMARITAN HOSPITAL, Respondent, v 1199 NATIONAL HEALTH & HUMAN SERVICES EMPLOYEES UNION, Appellant. [893 NYS2d 192]—

The appellant, 1199 National Health & Human Services Employees Union, filed a grievance on behalf of Patricia McQuade, a nurse employed by the petitioner, Good Samaritan Hospital (hereinafter the Hospital). The basis for the grievance was the Hospital's denial of McQuade's request for a lateral transfer of position from lead nurse on the night shift to lead nurse on the day shift. The grievance was submitted for arbitration and was sustained, notwithstanding the arbitrator's finding that McQuade had not satisfied article 32.8 of the parties' collective bargaining agreement, which required her to have been in the position of lead night nurse for at least six months before she could be eligible for the lateral transfer to lead nurse on the day shift. The arbitrator relied on the Hospital's past practice of waiving the six-month eligibility requirement for other employees. The Supreme Court granted the Hospital's petition to vacate the arbitration award on the ground that the arbitrator exceeded her authority by directing the Hospital to place McQuade in the position of lead day nurse. We affirm.

Inasmuch as article 9.4 of the collective bargaining agreement stated "[t]he Arbitrator shall have . . . no power to add to, subtract from, or modify in any way the terms of this Agreement," the arbitrator acted improperly in relying upon past practices so as to negate the express language of article 32.8 of the collective bargaining agreement, which required McQuade to have been in her position of lead night nurse for at least six months before she could bid for a lateral transfer (see Matter of Sachem Cent. Teachers Assn. v Board of Educ. of Sachem Cent.

*School Dist.*, 227 AD2d 632 [1996]; *Matter of Rockland Community Coll. Fedn. of Teachers, Local 1871 v Rockland Community Coll.*, 207 AD2d 353 [1994]; *Fairview Fire Dist. v Fairview Professional Firefighters Assn., Local 1586, IAFF, ALF-CIO,* 143 AD2d 727 [1988]; *cf. Matter of Village of Spring Val. v Policemen's Benevolent Assn. of Vil. of Spring Val.*, 271 AD2d 615 [2000]; *Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N.Y. City Tr. Police Dept.*, 129 AD2d 708 [1987]). "[W]hen, as here, the language of the parties' agreement is clear and unambiguous, the arbitrator may not bypass the express contract provisions and rely instead on past practices" (*Matter of Rockland Community Coll. Fedn. of Teachers, Local 1871 v Rockland Community Coll.*, 207 AD2d at 353). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.