In the Matter of IBK ENTERPRISES, INC., Appellant, v ONEKEY, LLC, Respondent. [897 NYS2d 442]—

Motion by the respondent for leave to reargue an appeal from a judgment of the Supreme Court, Kings County (Demarest, J.), dated May 16, 2008, which was determined by decision and order of this Court dated July 7, 2009, and cross motion by the appellant for leave to reargue the appeal or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is,

Ordered that the appellant's cross motion is denied; and it is further,

Ordered that the respondent's motion for leave to reargue is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court dated July 7, 2009 (*Matter of IBK Enters., Inc. v Onekey, LLC*, 64 AD3d 596 [2009]), is recalled and vacated, and the following decision and order is substituted therefor:

In a proceeding pursuant to CPLR article 75 to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Kings County (Demarest, J.), dated May 16, 2008, which, upon an order of the same court dated March 29, 2007, granting the motion of Onekey, LLC, for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 to the extent of imposing a sanction upon the petitioner in the sum of $2,500, and upon an order of the same court dated May 13, 2008, granting the cross petition

of Onekey, LLC, to confirm an arbitration award dated November 13, 2007, in favor of Onekey, LLC, in the sum of $573,989, denying its motion to vacate the arbitration award, and granting the application of Onekey, LLC, for the imposition of an additional sanction pursuant to 22 NYCRR 130-1.1 to the extent of imposing an additional sanction upon the petitioner in the sum of $1,500, is in favor of Onekey, LLC, and against it in the principal sum of $577,989.

Ordered that the judgment is affirmed, with costs.

An arbitration award may be vacated only upon proof that the underlying dispute was not arbitrable, that a party's rights were prejudiced by fraud or partiality of the arbitrator, that the arbitrator exceeded a specifically enumerated limitation on his or her power (*see* CPLR 7511 [b] [1]; *Matter of Matra Bldg. Corp. v Kucker*, 2 AD3d 732 [2003]), that the award is violative of a strong public policy, or that the award is totally irrational (*see Matter of Wicks Constr. [Green]*, 295 AD2d 527 [2002]). Absent such a showing, the arbitration award must be confirmed even if the court concludes that the arbitrator's interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law. Here, the petitioner failed to make such a showing.

Specifically, the arbitrator's disclosure that he had met a principal of the respondent, Onekey, LLC, several years prior to the hearing did not demonstrate partiality. An occasional association between an arbitrator and a party or witness will not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality (*see Matter of Henry Quentzel Plumbing Supply Co. v Quentzel*, 193 AD2d 678, 679 [1993], citing *Matter of Siegel [Lewis]*, 40 NY2d 687, 690 [1976]; *see also Elias Eleni Rest. Corp. v 8430 New Utrecht Corp.*, 282 AD2d 705 [2001]; *Matter of Chernuchin v Liberty Mut. Ins. Co.*, 268 AD2d 521 [2000]).

The arbitrator's award of damages did not exceed a specifically-enumerated limitation on his power, as set forth within the arbitration clause of the parties' agreement (*see Matter of Town of Newburgh v Civil Serv. Empls. Assn.*, 204 AD2d 464, 466 [1994]; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union of Am.*, 180 AD2d 798 [1992]).

The arbitrator's denial of the request by the petitioner's counsel for an adjournment on the basis of actual engagement was a proper exercise of discretion where the request was made close in time to the hearing and counsel knew for several weeks beforehand that he would be so engaged (*see Matter of Kaufman*

*v Allstate Ins. Co.*, 9 AD3d 431 [2004]; *Matter of M.T.M. Beverages Corp. v Pepsi Cola Bottling Co. of N.Y.*, 262 AD2d 414, 415 [1999]; *Harwyn Luggage v Henry Rosenfeld, Inc.*, 90 AD2d 747 [1982], *affd* 58 NY2d 1063 [1983]). The petitioner failed to demonstrate how *it* was prejudiced thereby, since it was represented at the arbitration hearing by another attorney from the firm it had retained to represent it (*cf. Rosario v Elishis*, 270 AD2d 404, 405 [2000]; *Matter of Poole v Mayer*, 112 AD2d 853 [1985]).

The petitioner's remaining contentions are without merit.

Fisher, J.P., Covello, Florio and Dickerson, JJ., concur.