■ U.S. ELECS., INC., Appellant, v SIRIUS SATELLITE RADIO, INC., Respondent. [901 NYS2d 202]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered July 7, 2009, confirming an arbitration award, unanimously affirmed, without costs.

In challenging the arbitration award, petitioner argues that the chairman of the arbitration panel improperly failed to disclose the relationship between his son, who is a congressman, and respondent. According to petitioner, after respondent and another company (XM Satellite Radio) announced their proposed merger agreement, the chairman's son publicly supported the move, but the chairman never disclosed the relationship. It is axiomatic, however, that judicial review of arbitration awards, whether under state law or the Federal Arbitration Act (9 USC § 9), is extremely limited, and such an award will be upheld when there is even colorable justification for the result, regardless of errors of law or fact committed by the arbitrators (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]). Therefore, the "showing required to avoid summary confirmation of an arbitration award is high," and a party moving to vacate the award has the burden of proof (*Willemijn Houdstermaatschappij, BV v Standard Microsystems Corp.*, 103 F3d 9, 12 [2d Cir 1997]).

Since the contract between the parties herein affected interstate commerce, the federal statute was controlling, and pursuant to 9 USC § 10 (a) (1), an arbitration award may be vacated "where there was evident partiality or corruption in the arbitrators, or either of them." It is thus "incumbent upon an arbitrator to disclose any relationship which raises even a suggestion of possible bias" (*Matter of Weinrott [Carp]*, 32 NY2d 190, 201 [1973]), although a party may waive its challenge to an arbitrator's purported bias (*see Douglas Elliman, LLC v Parker Madison Partners, Inc.*, 45 AD3d 252 [2007]) such as by not objecting when it learns of the alleged lack of partiality.

Irrespective of when petitioner learned of the congressman's support of the intended merger between Sirius and XM, the chairman should still have made full disclosure. But despite such nondisclosure, petitioner failed to meet its burden of proving by clear and convincing evidence that any impropriety or misconduct of the arbitrator prejudiced its rights or the integrity of the arbitration process or award, since no proof was of-

fered of actual bias or even the appearance of bias on the part of the chairman (*see Matter of McLaughlin, Pevin, Vogel Sec., Inc. v Ungar*, 46 AD3d 406 [2007]). Not only was there no indication of any relationship, business or personal, between the chairman and respondent, but it is difficult to perceive how petitioner's contractual dispute with respondent was impacted by the activities of the congressman on behalf of respondent's proposed merger with XM. Under these circumstances, the alleged undisclosed facts do not provide a basis for challenging the arbitration award (*see Matter of Wagner Stott Clearing Corp. [Celentano Sec. Corp.]*, 225 AD2d 367 [1996], *lv denied* 88 NY2d 813 [1996]). Concur—Saxe, J.P., Nardelli, Freedman and Abdus-Salaam, JJ.