■ In the Matter of ROBERT ROMAINE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [919 NYS2d 91]—

The Supreme Court properly confirmed the arbitration award. An arbitration award rendered after a consensual arbitration may be vacated by a court only on the grounds set forth in CPLR 7511 (b) (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). A court may vacate an arbitration award on the ground that the arbitrator "exceeded his [or her] power" within the meaning of CPLR 7511 (b) (1) (iii) "only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]).

Contrary to the appellant's contention, the arbitrator did not modify the relevant collective bargaining agreement (hereinafter the CBA) by relying on past practices to determine that the New York City Transit Authority (hereinafter NYCTA) was required to assign "shuttle work" to volunteers on its overtime list. Pursuant to the CBA, the arbitrator had the authority to consider "evidence as to an established past practice" and to "determine what weight to attach to it in light of the other provisions of" the CBA. He also possessed the authority to apply and interpret "any agreement between the parties." Upon examining the evidence pertaining to the past practice of the parties regarding the assignment of "shuttle work," the arbitrator essentially determined that a mutual agreement had developed between the parties with respect to that practice over the past 20 years which was an integral part of the CBA. Such practice did not negate or bypass an express provision of the CBA (*cf. Matter of Good Samaritan Hosp. v 1199 Natl. Health & Human Servs. Empls. Union*, 69 AD3d 721, 721-722 [2010]; *Matter of Sachem Cent. Teachers Assn. v Board of Educ. of Sachem Cent. School Dist.*, 227 AD2d 632, 633 [1996]; *Matter of Rockland Community Coll. Fedn. of Teachers, Local 1871 v Rockland Community Coll.*, 207 AD2d 353, 353 [1994]). Accordingly, the arbitrator did not exceed his authority.

We also reject NYCTA's contention that the award violates a strong public policy. "[T]he scope of the public policy exception to an arbitrator's power to resolve disputes is extremely narrow" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 80). Here, the appellant failed to show that the "court can conclude 'without engaging in any extended factfinding or legal analysis' that a law 'prohibit[s], in an absolute sense, [the] particular matters [to be] decided' " or that the award itself violates a well-defined law of this State (*id.*, quoting *Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 8-9 [2002]).

Contrary to NYCTA's contention, there is no need to remit the matter to the arbitrator for clarification of the award. The award clearly and unambiguously directs that, absent the consent of the petitioner, the appellant must assign "shuttle work" only to volunteers on its overtime list.

The petitioner's remaining contentions are without merit. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.