■ In the Matter of MERRICK UNION FREE SCHOOL DISTRICT, Respondent, v MERRICK FACULTY ASSOCIATION, INC., Appellant. [928 NYS2d 60]—

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the petition which were to vacate so much of the arbitration award as (a) determined that the Merrick Union Free School District violated article II (B) of the collective bargaining agreement entered into between the parties and effective from July 1, 2004, to June 30, 2008, when it denied health insurance to bargaining unit members whose spouses are afforded New York State Health Insurance Program coverage where those spouses are employed by a participating agency other than the Merrick Union Free School District, and (b) directed the parties to negotiate a remedy for affected bargaining unit members for the period February 1, 2008, to April 1, 2009, and substituting therefor provisions denying those branches of the petition, and (2) by deleting the provisions thereof denying those branches of the cross motion of the Merrick Faculty Association, Inc., which were to confirm so much of the arbitration award as (a) determined that the Merrick Union Free School District violated article II (B) of the collective bargaining agreement entered into between the parties and effective from July 1, 2004, to June 30, 2008, when it denied health insurance to bargaining unit members whose spouses are afforded New York State Health Insurance Program coverage where those spouses are employed by a participating agency other than the Merrick Union Free School District, and (b) directed the parties to negotiate a remedy for affected bargaining unit members for the period February 1, 2008, to April 1, 2009, and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The Merrick Faculty Association, Inc. (hereinafter the Association), is the collective bargaining representative for approximately 189 employees of the Merrick Union Free School District (hereinafter the School District). The parties entered

into a collective bargaining agreement (hereinafter the CBA) effective from July 1, 2004, to June 30, 2008, which set forth, in pertinent part, that the School District would provide employees with single or family health insurance coverage under the New York State Health Insurance Program (hereinafter NYSHIP). Pursuant to article XI (D) of the CBA, however, the School District would not provide NYSHIP dual family coverage to spouses of School District employees who were afforded NYSHIP coverage through the School District or another public employer.

In January 2008, the School District received correspondence from the New York State Department of Civil Service (hereinafter the Department) attaching Civil Service Policy Memo 133, issued December 5, 2007 (hereinafter the Memo). The Memo prohibited local collective bargaining agreements from denying family health insurance coverage to an otherwise eligible employee based on the fact that the employee's spouse is eligible for NYSHIP coverage through a different employer. Thereafter, the Association filed a grievance requesting, based on the Memo, that article XI (D) be removed from the CBA and that all employees affected by the Memo be offered the option to obtain NYSHIP dual family coverage or a buyout. The School District denied the grievance, and pursuant to the terms of the CBA, the matter was referred to arbitration.

By award dated March 27, 2009, the arbitrator sustained the grievance, determined that the Memo has the force and effect of law, and accordingly invalidated article XI (D) of the CBA to the extent that it denied NYSHIP dual family coverage to employees whose spouses were afforded NYSHIP coverage through public employers other than the School District. The School District commenced the instant proceeding to vacate the arbitration award, and the Association cross-moved to confirm the arbitration award. The Supreme Court granted the petition and denied the cross motion. The Association appeals. We modify.

An arbitration award may be vacated on one of three grounds: that it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation of the arbitrator's power (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Tsikitas v Nationwide Ins. Co.*, 33 AD3d 928 [2006]).

In determining whether an arbitration award should be vacated on the ground that the arbitrator clearly exceeded a specifically enumerated limitation of his or her authority, " '[i]t

is not for the courts to interpret the substantive conditions of the contract or to determine the merits of the dispute' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 82-83, quoting *Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v Barni*, 51 NY2d 894, 895 [1980]). Rather, an award may be set aside upon this ground only where the arbitrator exceeded the express limitations of his or her powers, as set forth in the agreement itself (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307 [1984]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977]; *Lentine v Fundaro*, 29 NY2d 382, 385 [1972]). Here, article XXIII of the CBA provides, "[i]n the event any provision or provisions hereof are held to be unlawful, the remaining provisions of this [CBA] shall remain in effect and the parties thereto shall meet forth with [for] the purposes of modifying the same to conform with the law and/or negotiating provisions in lieu thereof."

Whether the arbitrator was correct in determining that the Memo has the force and effect of law is outside the scope of judicial review (*see* CPLR 7501; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d at 82-83; *Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn.*, 48 NY2d 669 [1979]). An arbitration award "will not be vacated even though the court concludes that [the arbitrator's] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his [or her] power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d at 308; *see* CPLR 7511 [b] [1]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). Accordingly, the Supreme Court erred in vacating the award on the ground that the arbitrator exceeded his authority in invalidating article XI (D) of the CBA to the extent it violates article II (B). Even if the arbitrator misconstrued or misapplied substantive rules of law, his determination did not exceed his authority and is not subject to judicial review.

Turning to the remedy, the arbitrator directed the School District, effective May 1, 2009, to "grant health insurance or appropriate buyout compensation to bargaining unit members whose spouses are afforded coverage under the Empire Plan from a participating agency other than the Merrick Union Free School District" and directed the parties to negotiate, for the period from February 1, 2008, to April 30, 2009, a retroactive

remedy to affected bargaining unit members. This remedy was consistent with the broad power purportedly afforded to the arbitrator by the issues the parties agreed to submit to arbitration: (1) "[d]id the District violate Article II, Section B; Article XI, Section D and Article XXIII of the Collective Bargaining Agreement when it denied [NYSHIP] Health Insurance to bargaining unit members whose spouses are afforded [NYSHIP] coverage" and (2) *"[I]f so, what shall be the remedy"* (emphasis added).

Relief granted by an arbitrator cannot exceed a specifically enumerated limitation on his or her power (*see Matter of Brijmohan v State Farm Ins. Co.*, 92 NY2d 821 [1998]; *Matter of Silverman [Benmor Coats]*, 61 NY2d at 307; *Matter of Romaine v New York City Tr. Auth.*, 82 AD3d 986, 987 [2011]; *Matter of IBK Enters., Inc. v Onekey, LLC*, 70 AD3d 948, 949 [2010]; *Nassau Health Care Corp. v Civil Serv. Empls. Assn., Inc.*, 20 AD3d 401, 402 [2005]). Accordingly, although the parties' stipulation purported to grant the arbitrator unfettered authority to fashion a remedy, the arbitrator's remedial powers are specifically limited by article XXIII of the CBA, which provides, "[i]n the event any provision or provisions hereof are held to be unlawful, the remaining provisions of this Agreement shall remain in effect and *the parties thereto shall meet [forthwith for] the purposes of modifying the same to conform with the law and/or negotiating provisions in lieu thereof"* (emphasis added). As such, upon the arbitrator's finding that so much of article XI (D) of the CBA as denied dual NYSHIP coverage to employees whose spouses were afforded NYSHIP coverage by public employers other than the School District violated article II (B), the only appropriate relief that the arbitrator could have crafted was the one specifically enumerated in article XXIII: direct the parties to negotiate to either modify article XI (D) of the CBA or conform it in accordance with his determination that article XI (D) violated article II (B), to the extent it denies dual NYSHIP coverage to employees whose spouses are afforded NYSHIP coverage through a public employer other than the School District.

The award was proper to the extent it directed the parties to negotiate a retroactive remedy for the period February 1, 2008, to April 1, 2009, as such relief is within the terms of article XXIII of the CBA. However, the prospective relief in the arbitration award, which directed the School District, as of May 1, 2009, to provide dual NYSHIP coverage or appropriate buyout compensation to bargaining unit members whose spouses are afforded NYSHIP coverage from a participating agency other

than the School District, exceeded the specifically enumerated limitation on the arbitrator's powers set forth in article XXIII of the CBA. Accordingly, the Supreme Court properly vacated that portion of the award.

In light of our determination, we remit the matter to the Supreme Court, Nassau County, to direct the arbitrator to fashion a prospective remedy consistent with the determination in the arbitration award that the Memo has the force and effect of law and in accordance with article XXIII of the CBA. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.