■ In the Matter of COUNTY OF PUTNAM et al., Respondents, v PUTNAM COUNTY SHERIFF'S EMPLOYEES ASSOCIATION, INC., Appellant. [935 NYS2d 609]—

A court may vacate an arbitration award on the ground that the arbitrator exceeded his power only where the arbitrator's award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]).

As the Supreme Court properly determined, the arbitrator, in effect, revised, modified, and altered the parties' agreement, which was specifically prohibited by the arbitrator's powers defined in the parties' collective bargaining agreement (*see* CPLR 7511 [b] [1] [iii]; *Matter of Good Samaritan Hosp. v 1199 Natl. Health & Human Servs. Empls. Union*, 69 AD3d 721, 721-722 [2010]; *Fairview Fire Dist. v Fairview Professional Firefighters Assn., Local 1586, IAFF, ALF-CIO*, 143 AD2d 727, 728 [1988]; *Matter of Board of Educ. of N. Babylon Union Free*

*School Dist. v North Babylon Teachers' Org.*, 104 AD2d 594, 597 [1984]). Accordingly, the Supreme Court properly granted the petition to vacate the award and denied the cross motion to confirm the award. Angiolillo, J.P., Dickerson, Leventhal and Hall, JJ., concur.