In the Matter of WESTCHESTER COUNTY CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [953 NYS2d 638]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated May 12, 2011, in which the County of Westchester and Westchester County Department of Correction cross-petitioned to vacate the award, the petitioner appeals from so much of an order of the Supreme Court, Westchester County (Adler, J.), entered September 29, 2011, as denied that branch of its petition which was to confirm that portion of the award which directed the Westchester County Department of Correction to cease and desist from denying correction officers the use of a floating holiday or floating vacation day where the maximum allowable number of correction officers who were permitted to take off from work on any particular day, as determined by the Westchester County Department of Correction, has not been reached, and granted that branch of the cross petition which was to vacate that portion of the award.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of petition which was to confirm that portion of the award which directed the Westchester County Department of Correction to cease and desist from denying correction officers the use of a floating holiday or floating vacation day where the maximum allowable number of correction officers who were permitted to take off from work on any particular day, as determined by the Westchester County Department of Correction, has not been reached, is granted,

and that branch of the cross petition which was to vacate that portion of the award is denied.

"Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies," and a court may not "examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes that its interpretation would be the better one" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]; *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479-480 [2006], *cert dismissed* 548 US 940 [2006]; *Matter of Miro Leisure Corp. v Prudence Orla, Inc.*, 83 AD3d 945 [2011]). Indeed, even where an arbitrator makes errors of law or fact, "courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d at 326; *see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479-480). Although "judicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d at 479), a court may vacate an arbitrator's award where, inter alia, the arbitrator "exceeded his [or her] power" (CPLR 7511 [b] [1] [iii]). An arbitrator exceeds his or her power only where his or her award violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d at 534; *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d at 336; *Matter of Susan D. Settenbrino, P.C. v Barroga-Hayes*, 89 AD3d 1094, 1095 [2011]).

Contrary to the Supreme Court's determination, the relief awarded by the arbitrator in this case did not exceed a specifically enumerated limitation on his power. Step 3, Paragraph 3, of the grievance procedure set forth in the parties' collective bargaining agreement provides that "[a] grievance dispute arising under any term of the Agreement involving County policy or discretion may be submitted for arbitration only as to the question of whether or not the County policy was disregarded, or was applied in so discriminatory, arbitrary, or capricious a manner as to constitute an abuse of discretion." However, this provision does not contain any limitation upon the arbitrator's power to fashion an appropriate remedy where he or she

determines that a County policy has been applied in so discriminatory, arbitrary, or capricious a manner as to constitute an abuse of discretion (cf. *Matter of Merrick Union Free School Dist. v Merrick Faculty Assn., Inc.*, 87 AD3d 536, 540 [2011]). Here, the arbitrator determined that a policy of the Westchester County Department of Correction (hereinafter the Department), which permitted only one correction officer per day to use a floating holiday or vacation day, was applied in an arbitrary manner to the named grievant. Since the collective bargaining agreement sets forth no limitation on the arbitrator's power to award relief upon making such a finding, the arbitrator did not exceed his power by directing the Department to cease and desist from denying correction officers the use of a floating holiday or floating vacation day where the maximum allowable number of correction officers who were permitted to take off from work on any particular day, as determined by the Department, has not been reached. Eng, P.J., Florio, Sgroi and Miller, JJ., concur.