In an action, inter alla, for a judgment declaring that the plaintiff properly exercised its option to purchase certain real property, the plaintiff appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered January 20, 2012, as, in effect, granted that branch of the defendants’ motion which was to direct the plaintiff to turn over to the defendants all rents and other payments received from its subtenants since January 1, 2009, and denied those branches of its cross motion which were to disqualify a *668 neutral appraiser and to vacate such appraiser’s determination of the fair market value of the subject property, and (2) from so much of a judgment of the same court entered March 12, 2012, as directed the plaintiff to turn over to the defendants all rents and other payments received from its subtenants since January 1, 2009, and the defendants cross-appeal, as limited by their brief, from so much of the judgment as did not award them an attorney’s fee.
Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the defendants’ motion which was to direct the plaintiff to turn over to the defendants all rents and other payments received from its subtenants since January 1, 2009, is denied, and the order is modified accordingly; and it is further,
Ordered that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The Supreme Court properly denied those branches of the plaintiffs cross motion which were to disqualify a neutral appraiser and to vacate such appraiser’s determination of the fair market value of the subject property based upon the appearance of partiality of the appraiser (see CPLR 7511 [b] [1] [ii]). “[M]ere occasional associations between an arbitrator and a party or witness will not warrant disqualification of the arbitrator on the ground of the appearance of bias or partiality” (Matter of Henry Quentzel Plumbing Supply Co. v Quentzel, 193 AD2d 678, 678-679 [1993]; see Elias Eleni Rest. Corp. v 8430 New Utrecht Corp., 282 AD2d 705, 705 [2001]; Matter of Chernuchin v Liberty Mut. Ins. Co., 268 AD2d 521, 522 [2000]). The nature of the contacts between the neutral appraiser and the defendants’ appraisal firm were too remote and speculative to support a finding that there was an appearance of bias (see Elias Eleni Rest. Corp. v 8430 New Utrecht Corp., 282 AD2d at 705; Matter of Wagner Stott Clearing Corp. [Celentano Sec. Corp.], 225 AD2d 367, 367 [1996]; Matter of Henry Quentzel Plumbing Supply Co. v Quentzel, 193 AD2d at 679).
The Supreme Court erred by, in effect, granting that branch of the defendants’ motion which was to direct the plaintiff to *669 turn over all rents and other payments received from its subtenants since January 1, 2009, as it was barred by the doctrine of the law of the case, which forecloses reexamination of that issue absent a showing of newly discovered evidence or a change in the law (see Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 935 Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2006]). Here, it is undisputed that the defendants previously moved for the same relief, which motion the Supreme Court denied on the merits in an order dated April 17, 2009. As the defendants failed to present any new evidence which would change the earlier determination or evidence of a change in the law, the Supreme Court should have denied, based on the doctrine of law of the case, that branch of the defendants’ motion which was to direct the plaintiff to turn over all rents and other payments received from its subtenants since January 1, 2009.
This Court, however, is not bound by the doctrine of law of the case and may make its own determination of that branch of the defendants’ motion which was to direct the plaintiff to turn over all rents and other payments received from its subtenants since January 1, 2009 (see Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 718 [2012]; Romagnolo v Pandolfini, 75 AD3d 632, 634 [2010]). In considering the issue, we deny that branch of the defendant’s motion. There is no privity between the defendants and the subtenants. The plaintiffs presence at the property upon the expiration of its lease was not, as the defendants maintain, that of a trespasser or squatter. Instead, the plaintiff was present as a contract vendee and paid the defendants $23,650 per month, an amount determined by the Supreme Court in an order dated October 2, 2009. Any rents the plaintiff received from subtenants during the contract vendee period were independent of its obligations to the defendants. Thus, a disgorgement of such rents, or any portion thereof, would constitute a windfall to the defendants that is unsupported by applicable statutory or decisional authority.
Finally, the Supreme Court properly declined to award the defendants an attorney’s fee, since they failed to make a formal application for such an award (see Dinoto v Dinoto, 97 AD3d 529, 530 [2012]; Poli v Poli, 286 AD2d 720, 723-724 [2001]).
Accordingly, we reverse the judgment insofar as appealed from, deny that branch of the defendants’ motion which was to direct the plaintiff to turn over to the defendants all rents and other payments received from its subtenants since January 1, 2009, modify the order accordingly, and affirm the judgment insofar as cross-appealed from (see Carbon Capital Mgt., LLC v *670 American Express Co., 88 AD3d 933, 936 [2011]; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2006]; Post v Post, 141 AD2d 518, 519 [1988]). Rivera, J.E, Dillon, Roman and Miller, JJ., concur.