Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers (2020 NY Slip Op 03909)





Matter of Board of Educ. of the Yonkers City Sch. Dist. v Yonkers Fedn. of Teachers


2020 NY Slip Op 03909


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-03242
 (Index No. 63259/17)

[*1]In the Matter of Board of Education of the Yonkers City School District, appellant, 
v
Yonkers Federation of Teachers, respondent.


Spolzino, Smith, Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino, Joanna M. Topping, Nancy Durand, and Jacob E. Amir of counsel), for appellant.
Robert T. Reilly, Latham, NY (Christopher R. Scoville of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated May 30, 2017, the petitioner appeals from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated February 9, 2018. The order denied the petition to vacate the arbitration award and confirmed the arbitration award.
ORDERED that the order is affirmed, with costs.
In 2015, the Yonkers Federation of Teachers (hereinafter YFT) filed a grievance with the Board of Education of the Yonkers City School District (hereinafter the District) on behalf of teachers assigned to certain integrated co-teaching classrooms, alleging that, by increasing class sizes beyond the size contemplated in a mutually negotiated program description, the District had violated various provisions of the parties' collective bargaining agreement (hereinafter the CBA). On March 10, 2016, YFT filed a notice of intent to arbitrate the alleged violation of the CBA. YFT and the District stipulated to submit to an arbitrator the issue of whether the increased class sizes violated Articles 13, 15, 23, and/or 24 of the CBA.
After a hearing at which the District argued that it had complied with the program description, the arbitrator determined that the increased class sizes violated Articles 15 and 24 of the CBA. The arbitrator awarded additional compensation to the affected teachers for the relevant time period. The District then commenced this proceeding to vacate the arbitration award. The Supreme Court denied the petition and confirmed the award. We affirm.
Judicial review of arbitration awards is extremely limited (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479). An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power (see CPLR 7511[b][1]; Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90; Matter of Romaine v New York City Tr. Auth., 82 AD3d 986). A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence (see Matter of County of Nassau v Civil Serv. Empls. Assn., 150 AD3d 1230; Matter of Quality Bldg. Constr., LLC v Jagiello Constr. Corp., 125 AD3d 973). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and [*2]judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326).
Here, we agree with the Supreme Court's determination that the arbitrator's award was neither irrational nor violative of public policy, and that the arbitrator did not exceed a specifically enumerated limitation on his authority (see Matter of Reddy v Schaffer, 123 AD3d 935, 937; Matter of DeRaffele Mfg. Co., Inc. v Kaloakas Mgt. Corp., 48 AD3d 807, 809). Accordingly, we agree with the Supreme Court's determination to deny the petition to vacate the arbitration award, and confirm the award.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court