| **DKV, LLC. v CFG Merchant Solutions, LLC.** |
|:---:|
| 2024 NY Slip Op 30918(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656361/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. ARLENE P. BLUTH                    PART                    14

*Justice*

-------------------------------------------------------------------------------X

DKV, LLC.

INDEX NO.            656361/2022

Petitioner,

MOTION DATE            07/15/2022[1]

- v -

MOTION SEQ. NO.            001

CFG MERCHANT SOLUTIONS, LLC.,

**DECISION + ORDER ON MOTION**

Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 8, 9, 11, 12, 13, 14, 15, 16, 17, 18

were read on this motion to/for                    Article 75 confirm award                    .

The petition to confirm an arbitration award is granted.

**Background**

Petitioner observes that in November 2018, it entered into a joint venture agreement in which it was to perform underwriting services for respondent. The agreement contained an arbitration provision. Petitioner claims that it invoiced respondent for the work it performed and respondent did not pay the full amount due. Petitioner commenced an arbitration seeking over $100,000 in damages.

The arbitrator concluded "that Respondent breached Paragraphs 1.5 and 7 of the Joint Venture Agreement by not paying Petitioner according to his PNL invoice sent prior to his Termination. At the time of the Termination, Respondent owed Petitioner $108,149.21 and

---

[1] Although this proceeding was only transferred to the undersigned in the last few days, the Court observes that it has been pending before different judges for far too long. The Court apologizes, on behalf of the court system, for the long delay in the resolution of this proceeding.

**656361/2022   DKV, LLC. vs. CFG MERCHANT SOLUTIONS, LLC.**
**Motion No.  001**

**Page 1 of 5**

1 of 5

nothing that happened after that could be attributed to Petitioner's actions or its breach of any provision of the Joint Venture Agreement. Therefore the $108,149.21 remains due and owing" (NYSCEF Doc. No. 3 at 14). The arbitrator dismissed respondent's counterclaims and also awarded $83,000 for legal fees, $29,361 for expenses, and $4,000 in interest.

Respondent cross-moves to vacate the arbitration award on the ground that the arbitrator failed to apply the plain terms of the parties' joint venture agreement. It emphasizes that the parties did not include a deadline under which respondent had to pay petitioner's invoices. It explains that in the parties' field (merchant cash advances), the amounts owed to petitioner often fluctuated.

Respondent argues that section 7 of the agreement specifically does not contain a timetable for payments. It explains that as a merchant's receivable came in, petitioner would be credited with half of the commission amount but only get payments when its profits over losses amount ("PNL") was positive. Respondent argues that in April 2020 (when petitioner demanded that its invoice be paid), all parties knew that petitioner's PNL would soon turn negative due to the ongoing pandemic. It claims that by the end of April 2020, petitioner's PNL balance was in the negative by over $1 million.

Respondent insists that the arbitrator was not permitted to read in a "course of dealings" into the parties' joint venture agreement. It concludes that she exceeded her powers as an arbitrator by imposing obligations on respondent not found in the agreement.

In reply, petitioner points out that respondent's position was expressly rejected by the arbitrator. It insists that respondent already unsuccessfully attempted to argue that the lack of a specific term about payment was a bargained-for-term and that petitioner agreed to provide

**656361/2022   DKV, LLC. vs. CFG MERCHANT SOLUTIONS, LLC.**
**Motion No.  001**

**Page 2 of 5**

[* 2]

services with no expectation of payment.  Petitioner emphasizes that this analysis is absurd and that is why the arbitrator rejected it.

**Discussion**

CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018]).

The Court grants the petition and affirms the arbitration award.  The parties' agreement certainly is silent with respect to a deadline for payment (*see* NYSCEF Doc. No. 5, ¶ 7). However, the Court is unable to embrace respondents' arguments that the agreement's silence with respect to payments means that the arbitrator exceeded her powers.  In this Court's view, the absence of any specific requirements relating to a payment schedule forced the arbitrator to rationally consider the parties' course of dealing.

This is not a situation in which the arbitrator ignored the express language of an agreement (*c.f. Matter of Good Samaritan Hosp. v 1199 Nat. Health & Human Services Employees Union,* 69 AD3d 721, 893 NYS2d 192 [2d Dept 2010] [finding that the arbitrator exceeded her powers by ignoring an express contract provision]). Instead, the arbitrator was tasked with making a ruling about how payments were to be processed.  She observed that "While the Agreement makes no specific provision for the time of payments, the example contained in paragraph 1.13 establishes a calendar month for determining the PNL and sums due

**656361/2022   DKV, LLC. vs. CFG MERCHANT SOLUTIONS, LLC.**
**Motion No.  001**

**Page 3 of 5**

[* 3]

the Contractor" (NYSCEF Doc. No. 3 at 10-11).  The arbitrator added that "Based on the above provisions, Petitioner submitted invoices to Patrick Connelly, who was Respondent's Account manager at the end of every month, Connelly would review the submission and make payments shortly after the end of each month. This was the course of dealing that had been established by Respondent with its Contractors and was consistent with the provisions of the Joint Venture Agreement" (*id*. at 11).

As the arbitrator rationally observed, parties conduct can be considered in the absence of an express contractual provision on an issue. "[T]he parties' course of performance under the contract is considered to be the most persuasive evidence of the agreed intention of the parties" (*Fed. Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44, 691 NYS2d 508 [1st Dept 1999] [internal quotations and citations omitted]).

Here, there was nothing written in the agreement about when respondent was supposed to pay petitioner.  Petitioner convincingly points out that respondent's argument yields an untenable position—that respondent did not have to pay petitioner at all. Under respondent's argument, any time the petitioner sought payment, respondent could say "it isn't due yet".  It certainly was not irrational for the arbitrator to reject that position.  And the arbitrator also rationally addressed respondent's claim that petitioner was, essentially, "gaming the system" by demanding payment when petitioner knew full well that the pandemic would drastically reduce the amount it was entitled to be paid.

"Although Respondent asserts that Petitioner knew that Respondent was not able to or going to pay PNL in April 2020, the Arbitrator credits Mr. Lynch's testimony to the effect that he was not in the loop and did not receive the proposal put forth by Joe Hugenot to defer receipt of monies due from accounts receivable for three months or more and was unaware that other

**656361/2022   DKV, LLC. vs. CFG MERCHANT SOLUTIONS, LLC.**
**Motion No.  001**

**Page 4 of 5**

underwriters had agreed to defer PNL payments. By not conferring with Petitioner after receiving a letter from his lawyer threatening arbitration and simply terminating him, Petitioner was given no opportunity to either agree to or not agree to the deferral" (NYSCEF Doc. No. 3 at 12-13).

Simply put, the Court finds that the arbitrator's decision was rational and there is no basis to vacate it.

Accordingly, it is hereby

ADJUDGED that the petition is granted, the subject arbitration award is confirmed and the Clerk is directed to enter judgment in favor of petitioner and against respondent in the amount of $224,801.00 plus interest at the statutory rate of nine percent from the date of the award (April 22, 2022) along with costs and disbursements upon presentation of proper papers therefor.

|  | |
|---|---|
| **3/19/2024** | |
| **DATE** | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656361/2022   DKV, LLC. vs. CFG MERCHANT SOLUTIONS, LLC.**
**Motion No.  001**

**Page 5 of 5**

5 of 5