■ HARRY McCORMICK, Respondent, v. MARS ASSOCIATES, INC., et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from (1) an order of the Supreme Court, Richmond County, entered August 5, 1965, which conditionally granted plaintiff's motion to strike out their answer for failure to · comply with a prior order of said court, dated September 10, 1964 directing an examination before trial and discovery and inspection; and (2) an order of said court of the same date, which denied their cross motion to vacate and/or resettle the said order of September 10, 1964. Order entered on plaintiff's motion reversed, without costs, and matter remitted to the Special Term for further proceedings not inconsistent herewith. Where the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party (*Cygler* v. *Motor Vehicle Acc. Ind. Corp.*, 234 N. Y. S. 2d 18, 19). Questions of fact and credibility are here presented as to whether the order of September 10, 1964 was duly served upon the defendants which cannot be resolved on the present record. It was error to grant relief to plaintiff on the ground that defendants failed to obey the said order of September 10, 1964, without first determining whether they had

been duly served therewith. Moreover, there appears to be doubt as to whether the persons sought to be examined before trial are still in defendants' employ. The defendants may not be examined through persons who were not in their employ at the time the order directing such examinations was made or notice therefor was served. (*Schwartz* v. *Brooklyn & Queens Tr. Corp.*, 260 App. Div. 947; *Haas* v. *Rothenberg*, 6 A D 2d 797.) Moreover, insofar as the court directed discovery and inspection of reports of accidents made by defendants' employees to the defendants, in the absence of any showing that such statements were made in the regular course of business and admissible in evidence or constitute admissions by the defendants, the court committed error (*Bresson* v. *Radio City Music Hall Corp.*, 23 A D 2d 581, 582). Accordingly, the matter is remitted to the Special Term to determine the factual issues and to take such further proceedings thereupon as may be proper under the circumstances. Appeal from order entered on defendants' cross motion dismissed. Such order is not appealable (cf. *Katz* v. *Katz*, 13 A D 2d 529; *Sellet* v. *City of Yonkers*, 13 A D 2d 976). Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.