■    HAROLD NEIL et al., Respondents, v ROBERT T. GARTH, Appellant.— In an action, *inter alia,* to recover a down payment on a contract for the sale of real property, the defendant seller appeals from an order of the Supreme Court, Kings County, dated June 16, 1976, which, *inter alia,* (1) granted plaintiffs' motion for leave to proceed to enforce a prior order of the same court, dated April 20, 1976; (2) denied defendant's cross motion to dismiss plaintiff's motion; (3) ordered defendant's attorney to pay to plaintiffs and their attorney the sum of $4,500, plus interest; and (4) appointed a receiver of the rents and profits of the subject parcel of realty for the benefit of the plaintiffs. Order modified by deleting therefrom all provisions except those which relate to the appointment of the receiver and his powers. As so modified, order affirmed, without costs or disbursements, and action remitted to Special Term for further and prompt proceedings not inconsistent herewith. The fundamental question on this appeal is whether defendant-appellant was duly served by plaintiffs-respondents (who had settled the order) with a copy of a prior order of the same court, dated April 20, 1976, with proper notice of entry thereof. Plaintiffs claim that there was proper service by mail upon defendant on April 23, 1976, and that defendant defaulted in failing to timely comply with the conditions set forth in the order of April 20, 1976, which had granted defendant's motion to open his default in appearing in the action, provided that he, *inter alia,* (1) pay plaintiffs the sum of $240 (motion costs plus counsel fees) within 10 days from service of notice of entry of the order; (2) serve and file a note of issue for the May 1976 Term; and (3) appear for and be ready to proceed to trial in the action on May 3, 1976, subject to the approval of the Justice presiding at the calendar part of the court. Defendant claims that plaintiffs did not make proper service of the order, with notice of the entry thereof, on April 23, 1976, because the order was not received until May 3, 1976, when defendant was obligated to pay 11 cents postage due to obtain delivery thereof and that all of the conditions set forth in the order were fulfilled by him as quickly as possible, and within the 10-day period prescribed. Special Term agreed with the contentions of plaintiffs and granted their motion. We hold that there must be a further examination into the question of the service upon defendant of the order of April 20, 1976. Questions of fact and credibility are here presented which cannot be resolved on the present record. It was error for Special Term to have granted plaintiffs the relief which they sought (which would prevent defendant from having the opportunity to have a decision in this case upon the merits) on the ground that defendant had failed to obey the order of April 20, 1976, when there was insufficient evidence to determine the important question of whether defend-

ant had been properly served with the order and notice of its entry (see *McCormick v Mars Assoc.,* 25 AD2d 433). As there must be further proceedings, it is not necessary to consider the other arguments raised by defendant on this appeal. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.