OPINION OF THE COURT
James P. Griffin, J.
Defendant’s motion to dismiss pursuant to CPL 170.30, on the grounds that the information is defective, is denied.
Defendant was charged with a violation of subdivision 1 of section 135.45 of the Penal Law, custodial interference in the second degree. The court observes that such conduct constituted kidnapping under the former Penal Law, and was punishable as a felony.
It is the defense’s contention that the defendant had a lawful right to custody of the child until such time as she was served with the Supreme Court order with notice of entry, which awarded custody of infant child to said complainant. The court observes that there is no personal affidavit by the defendant. (CPL 210.45.)
The court determines that the essential issue here is whether or not the defendant had knowledge of the decision awarding custody of the infant child to another and who did, allegedly, violate the Supreme Court order dated July 13, 1981 with respect to the custody of said child.
There is a paucity of decisions dealing with this issue. In a civil case, where the rights of a party are or may be affected by an order, the successful moving party, in order *495 to give validity to the order, is required to serve it on the adverse party. (McCormick v Mars Assoc., 25 AD2d 433; see, also, Cygler v Motor Vehicle Acc. Ind. Corp., 234 NYS2d 18; Neil v Garth, 59 AD2d 774.) But in a criminal case, there is a paucity of decisions dealing with this issue, and none within the State of New York. The court has examined such cases as Commonwealth v Bresnahan (255 Mass 144) and State v Taylor (125 Kan 594), which are apropos.
The burden of proof will be upon the People to prove beyond a reasonable doubt that the defendant had knowledge of the Supreme Court decision. Inter alia, a pure question of fact, that filing and entry of the Supreme Court decision is not an estoppel en pais to enforcement herein.