■ In the Matter of RICHARD BERGER, Appellant, v DELMAR E. LEACH, as Chief of Police of Rochester Police Department, Respondent. — Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from a judgment dismissing his petition in a CPLR article 78 proceeding seeking to set aside a determination by respondent Rochester Chief of Police, denying petitioner's application for a second-hand dealer's license. Respondent complied with the dictates of section 96-9 of the Rochester Municipal Code when he determined that petitioner was not "a fit and proper person" to hold a license, considering petitioner's prior activities in the towing business which were the subject of an investigation by both the Rochester Police Department and the State Attorney-General's office. The law is well settled that a licensing authority has discretion to deny a license application for good cause (see *Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299). The court will intervene only when, as a matter of law, no valid ground exists for denial (*Matter of Barton Trucking Corp. v O'Connell, supra,* p 308), or when the determination was clearly arbitrary and capricious (see *Matter of Howell v Benson,* 90 AD2d 903, mot for lv to app den 58 NY2d 611; *Matter of Davis v Broderick,* 25 AD2d 851). (Appeal from judgment of Supreme Court, Monroe County, Curran, J. — art 78.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ DANFIELD REALTY CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65088.) — Judgment unanimously affirmed without costs, for reasons stated in the decision at Court of Claims, Moriarty, J. — (Appeal from judgment of Court of Claims, Moriarty, J. — appropriation.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ CULTURAL CENTER COMMISSION, Appellant, v NICHOLAS KOKORITSIS et al., Respondents. — Order unanimously affirmed, with costs. Memorandum: Special Term properly vacated that portion of its prior order which imposed a time limitation for respondent condemnees to file a claim for compensation and provided a new period of limitations. Where a party's rights will be affected by an order, the successful party must serve a copy of the order on the adverse party in order to give it validity (*McCormick v Mars Assoc.,* 25 AD2d 433; see, also, Siegel, NY Prac, § 250, p 309; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2220.02; 2 Carmody-Wait 2d, NY Prac, § 8:105, p 124). The court's finding that respondents were not served with a copy of the prior order is supported by the evidence. ¶ In addition, there is nothing to indicate that the condemnor complied with the statutory requirement that it serve the condemnees with a notice of acquisition directing them to file a claim within a one-year period (EDPL 502, subd [B], par [4]; 17 Carmody-Wait 2d, NY Prac, §§ 108:130, 108:131, pp 614-617). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J. — Eminent Domain Procedure Law.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.