OPINION OF THE COURT
Edward J. McLaughlin, J.
An objection to an order of the hearing examiner was filed with the court on July 2, 1986. The order objected to is the *809 dismissal of a petition filed and entered on March 18, 1986, which order was filed and entered on May 13,1986.
The County Attorney asserts that his office was not served with the order until June 23, 1986, well beyond the 30-day period allowed by statute for filing an objection to an order of the hearing examiner. (Family Ct Act § 439 [e].) A copy of the order in question was submitted stamped as follows:
"RECEIVED
"1986 JUN 23 PM 2:43
"ONONDAGA COUNTY
"DEPT. OF LAW”
The court has searched its file and finds no affidavit of service filed for service on the County Attorney, although an affidavit of service on respondent’s attorney was filed and entered on May 13,1986.
The statutory language concerning the filing of objections to an order of a hearing examiner speaks of filing objections to an order of a hearing examiner "within thirty days after entry of the order”. (Family Ct Act § 439 [e].) Orders only become effective when they are served on all the parties. (Cultural Center Commn. v Kokoritis, 103 AD2d 1018 [4th Dept 1984]; McCormick v Mars Assoc., 25 AD2d 433 [2d Dept 1966].) The Legislature could not have intended to disallow a party’s right to object to an order of the hearing examiner by the mechanism of merely not serving an opposing party until after the 30-day period had run. This is obvious from a reading of the language in the statute preceding the 30-day objection provision: "The determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties.” (Family Ct Act § 439 [e]; emphasis added.) Here, it was clearly clerical error not to have served the County Attorney in a timely manner. Accordingly, the court will entertain the County Attorney’s objection.
The hearing examiner dismissed the petition because of a lack of subject matter jurisdiction. She states: "There exists a Temporary Order of Support in the Supreme Court and there is a pending divorce action.” The County Attorney argues that "[T]he Department of Social Services may bring an action in family court pursuant to Article 4 of the Family Court Act to seek support for a person receiving Public Assistance and is *810 not bound by a support order existing prior to the time the dependent becomes a recipient of Public Assistance.” He refers the court to Family Court Act article 5-A.
The County Attorney is correct. The pending matrimonial action is between husband and wife. The Commissioner is not a party. While the wife has assigned her rights under the temporary order to the Commissioner as a prerequisite for receiving public assistance, the Commissioner is not estopped from seeking additional reimbursement for the moneys expended to support respondent’s dependents and a fair and reasonable sum for the support of his spouse and his children. (Family Ct Act §§ 571, 415.) The Commissioner of Social Services is not bound by prior or current orders of support, the inadequacy of which may have contributed to the assign- or’s need for public assistance. (Family Ct Act § 571 [1].) An individual assigns whatever rights to support he or she has to the Commissioner, then the Commissioner is "deemed to represent the interests of all persons, officials and agencies having an interest in the assignment.” (Family Ct Act § 571 [2].) It is only when a person stops receiving public assistance that a private action concerning support may be maintained. (Family Ct Act § 571 [3] [b].) Of course, the Commissioner can come in as of right to collect moneys expended for children in his care. (Social Services Law § 398 [6] [d].)
Accordingly, the matter is remanded to the hearing examiner for a hearing on respondent’s ability to pay support for his daughter. (Family Ct Act § 439 [e] [i].) The order of dismissal is vacated.