■ MARCIA KRIEGER, Appellant, v NORMAN KRIEGER, Respondent. [613 NYS2d 781] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Westchester County (Spitz, J.), entered August 4, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay child support.

A hearing on a petition seeking child support was concluded on May 19, 1992. Thereafter, the Hearing Examiner dismissed the petition by findings and order dated June 22, 1992. Pursuant to 22 NYCRR 205.36 (b) such order, with notice of entry dated June 23, 1992, was sent by ordinary mail to the parties and their attorneys by the Clerk of the Family Court on June

23, 1992.* On July 24, 1992, petitioner served her objections on respondent's counsel by mail and mailed said objections with proof of service to Family Court. The documents were received and filed by Family Court on July 27, 1992. Family Court denied as untimely petitioner's specific written objections to the underlying findings.and order. Petitioner appeals.

Pursuant to Family Court Act § 439 (e), after the entry of a final order and transmission to the parties, "[s]pecific written objections to such order may be submitted by either party to the court within thirty days after entry of the order". Petitioner contends that pursuant to CPLR 5513 (a), respondent was required to serve a copy of the underlying order with notice of entry upon her to commence the running of the 30-day period within which to appeal. Petitioner further argues that CPLR 2103 (b) (2) requires that where, as here, the Clerk of the Family Court sends the order to the litigants by ordinary mail, the 30-day period within which to file objections must be extended by five days from the mailing.

We find that the service of the order by the Clerk of the Family Court was correct in all respects (see, 22 NYCRR 205.36 [b]) and that CPLR 2103 is inapplicable. Relevant provisions of CPLR 2103 provide that "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period" (CPLR 2103 [b] [2]). Because the critical period in Family Court Act § 439 (e) commences not with *service* of the order but with *entry* of the order, we find that the five-day period of CPLR 2103 (b) is inapplicable to the statute at issue (*cf., Matter of Canfield v Canfield,* 185 AD2d 611; *Matter of Stone v Schlegal,* 132 Misc 2d 808).

Cardona, P. J., Mikoll, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.

---

* 22 NYCRR 205.36 (b) provides in part: "At the time of the entry of the order of support, the clerk of the court shall cause a copy of the findings of fact and order of support to be served either in person or by mail upon the parties to the proceeding or their attorneys."