■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of PATRIZIA GALIMBERTI, Respondent, v ROBERT SKILL-MAN, Appellant. [745 NYS2d 707] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered April 4, 2001, which denied his objections to an order of the same court (Kava, H.E.), entered December 18, 2000, which, after a hearing, inter alia, directed him to pay $3,214 in child support arrears.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the father's contention that his time to file objections to the original order of support of the Family Court, Westchester County (Guido, H.E.), entered in December 1999, did not begin to run until he was served with a copy of that order (*see Matter of Canfield v Canfield,* 185 AD2d 611; *Matter of Stone v Schlegal,* 132 Misc 2d 808, 809). However, the record establishes that the Family Court did, in effect, review the merits of the father's objections to that order, which were

raised in his objections to the order entered December 18, 2000. In any event, there is no merit to the father's claim that the Hearing Examiner's determination to impute income to him was based upon her mistaken conclusion that he voluntarily left his former employment to become a self-employed fitness instructor. The father's objections filed with the Family Court failed to support his contention that the Hearing Examiner's conclusion was not supported by the evidence before her at the original hearing (*cf. Matter of Commissioner of Social Servs. [Selena S.] v Conrad R.W.*, 222 AD2d 585, 586). Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.