■ DOREEN FRIED et al., Respondents, v CARLUCCI & LEGUM, Defendant and Third-Party Plaintiff-Appellant. CASCIONE, CHECHANOVER & PURCIGLIOTTI, P.C., et al., Third-Party Defendants-Respondents. [766 NYS2d 83] —In an action to recover damages for legal malpractice, the defendant third-party plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated June 6, 2002, as granted the motion of the third-party defendants to vacate a judgment of the same court (Thomas, J.), entered October 19, 1999, in its favor on the third-party complaint, upon the failure of the third-party defendants to serve an answer after being directed by the Supreme Court to do so, and (2) from an order of the same court (LeVine, J.),

dated January 10, 2003, which, although stating it was denying, without prejudice, the motion by the defendant third-party plaintiff to vacate a default judgment entered against it and in favor of the plaintiffs in the principal sum of $25,000, in effect, refused to decide the motion on the merits.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 10, 2003, is deemed to be an application for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the order dated June 6, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 10, 2003, is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a determination of the merits of the motion of the defendant third-party plaintiff to vacate the default judgment entered against it; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants-respondents.

On June 30, 1999, the Supreme Court, Queens County (Thomas, J.), granted the motion of the defendant third-party plaintiff, Carlucci & Legum (hereinafter C & L), for leave to enter a judgment against the third-party defendants, Cascione, Chechanover & Purcigliotti, P.C. and Cascione, Purcigliotti & Galluzzi, P.C. (hereinafter CP & G), unless CP & G served an answer within 20 days of the filing of the order. That order was never served. Based upon that order, C & L obtained a clerk's judgment in its favor and against CP & G on the third-party complaint. "Where the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party" (*McCormick v Mars Assoc.,* 25 AD2d 433 [1966]; *see also* CPLR 2220; *Matter of Raes Pharmacy v Perales,* 181 AD2d 58 [1992]; *Lyons v Butler,* 134 AD2d 576 [1987]). The conditional order dated June 30, 1999, was never served. Consequently, the order was invalid and, therefore, the default judgment based thereon was also invalid. Accordingly, the Supreme Court was correct in vacating the default judgment.

However, the Supreme Court erred by, in effect, refusing to decide C & L's motion to vacate its default in appearing at the inquest on damages in the main action. There was no basis to delay the determination of C & L's motion to vacate its default in appearing at the inquest. Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.