██ HENRY RAMANATHAN et al., Respondents, v SHMUEL AHARON et al., Appellants. (And a Third-Party Action.) [970 NYS2d 574]—

In an action, inter alia, for ejectment and to recover damages for trespass, the defendants appeal (1), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered May 5, 2011, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (b) to dismiss their affirmative defense, and (2), as limited by their brief, from so much of an order of the same court entered February 9, 2012, as granted the plaintiffs' separate motion for summary judgment on the complaint.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (b) to dismiss the affirmative defense is denied, and the plaintiffs' separate motion for summary judgment on the complaint is denied.

The plaintiffs own a parcel of real property in Holliswood, Queens. The defendants own an adjacent parcel of real property. In September 2009, the plaintiffs commenced this action, inter alia, for ejectment and to recover damages for trespass, alleging, among other things, that the defendants own a fence which encroaches on the plaintiffs' property. The defendants raised the affirmative defense that the fence is located on the defendants' property, not the plaintiffs' property.

The defendants commenced a third-party action against their title insurer, Fidelity National Title Insurance Company of New York (hereinafter Fidelity), alleging that a Fidelity policy covered any losses that the defendants might sustain as a result of the instant action. Fidelity moved pursuant to CPLR 3211 to dismiss the third-party complaint. Fidelity argued, inter alia, that the actual location of the fence is a dispute solely between the plaintiff and the defendant that was "entirely unrelated" to the defendants' title or their title insurance policy with Fidelity. Fidelity further argued that any possible damages arising from the dispute about the actual location of the fence were not

covered by the policy. In an order dated September 9, 2010, the Supreme Court granted Fidelity's motion based on its determination, inter alia, that the parties' dispute about whether the fence was located on the defendants' property or on the plaintiffs' property "does not implicate title," and that, in any event, any "variance" in the location of the fence was specifically excepted by the policy. After making this determination, the Supreme Court noted that one of two surveys in evidence showed that the fence was located on the plaintiffs' property and that none of the other evidence before it depicted the fence on the defendants' property.

Subsequently, the plaintiffs moved, inter alia, pursuant to CPLR 3211 (b) to dismiss the affirmative defense alleging that the fence was on the defendants' property. The plaintiffs argued, among other things, that it was the law of the case that the fence was located on the plaintiffs' property. The Supreme Court accepted that argument and, in an order entered May 5, 2011, granted that branch of the plaintiffs' motion which was to dismiss the affirmative defense.

Based on the Supreme Court's order directing the dismissal of the affirmative defense and its prior determination that the doctrine of law of the case precluded any further consideration of the issue of whether the fence was located on the plaintiffs' property, the plaintiffs moved for summary judgment on the complaint. In an order entered February 9, 2012, the Supreme Court granted the plaintiffs' motion.

"The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of coordinate jurisdiction are concerned" (*Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see Gay v Farella*, 5 AD3d 540, 541 [2004]; *D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]), "and to the same questions presented in the same case" (*RPG Consulting, Inc. v Zormati*, 82 AD3d 739, 740 [2011], citing *People v Evans*, 94 NY2d 499, 502 [2000]; *see Matter of McGrath v Gold*, 36 NY2d 406, 413 [1975]; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d 717 [2012]). "Like claim preclusion and issue preclusion, preclusion under the law of the case contemplates that the parties had a 'full and fair' opportunity to litigate the initial determination" (*People v Evans*, 94 NY2d at 502).

Contrary to the determination of the Supreme Court, the prior order dated September 9, 2010, which granted Fidelity's

motion pursuant to CPLR 3211 to dismiss the third-party complaint, did not necessarily resolve the issue of whether the fence was located on the plaintiffs' property or the defendants' property, as the parties did not have an opportunity to fully litigate that issue (*see People v Evans*, 94 NY2d at 502; *cf. Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]; *Guido v New York Tel. Co.*, 145 AD2d 203, 206 [1989]). In support of its motion, Fidelity argued that the policy did not cover the main action regardless of where the fence was located. Since the parties were not necessarily litigating that issue on Fidelity's motion, the Supreme Court was not bound by the doctrine of law of the case to find that the fence was in fact located on the plaintiffs' property.

In any event, this Court is not bound by the doctrine of law of the case, and may make its own determinations as to whether the plaintiffs established as a matter of law that the fence encroached on their property (*see Martin v City of Cohoes*, 37 NY2d 162 [1975]; *Erickson v Cross Ready Mix, Inc.*, 98 AD3d at 718).

Here, the defendants contend that, ever since they purchased the property, there has been a fence located along the boundary line separating the two subject parcels, but not on the plaintiffs' property. Throughout the course of the litigation, both parties relied primarily on two surveys of the defendants' property. A survey dated December 20, 1994, prepared approximately five years before the defendants purchased their parcel of property, does not depict a fence encroaching on the plaintiffs' property. However, a survey of the defendants' property, dated June 2, 2009, which was prepared by a different surveyor as a result of the underlying dispute, depicts a fence located on the plaintiffs' property, up to 7.8 feet beyond the boundary line. The plaintiffs' submissions did not establish that the affirmative defense alleging that the fence was located on the defendants' property was "without merit as a matter of law" (*Vita v New York Waste Servs., LLC*, 34 AD3d 559 [2006]; *see* CPLR 3211 [b]; *Greco v Christoffersen*, 70 AD3d 769, 771 [2010]) and, thus, the Supreme Court should have denied that branch of the plaintiffs' motion which was pursuant to CPLR 3211 (b) to dismiss that affirmative defense.

Moreover, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the complaint (*see Thomson v Nayyar*, 90 AD3d 1024, 1025-1026 [2011]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) and, thus, we need not consider the sufficiency of the defendants' opposition papers. Accordingly, the Supreme Court should

have denied the plaintiffs' motion for summary judgment on the complaint. Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.