# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1040**
**CA 13-02136**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

DAVID M. HOLMES, PLAINTIFF-APPELLANT,

V                                                       MEMORANDUM AND ORDER

CHRISTOPHER MINNAMON, KMMR BUSINESS GROUP INC.
AND FEDEX GROUND PACKAGE SYSTEM, INC.,
DEFENDANTS-RESPONDENTS.

---

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (DAVID G. BROCK OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 15, 2013. The order granted the motion of defendants to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was driving collided with a vehicle driven by defendant Christopher Minnamon and owned by the two remaining defendants. We agree with plaintiff that Supreme Court abused its discretion in granting defendants' motion seeking dismissal of the amended complaint based on plaintiff's failure to comply with a discovery order. "[I]t is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced" (*Matter of Raes Pharm. v Perales*, 181 AD2d 58, 62). Thus, "[w]here a party's rights will be affected by an order, the successful party must serve a copy of the order on the adverse party in order to give it validity" (*Cultural Ctr. Commn. v Kokoritsis*, 103 AD2d 1018, 1018), and the period for compliance with an order begins to run on the date the order is served upon the adverse party. Here, the discovery order required that plaintiff disclose various materials "within forty-five (45) days of this Order." The order was served by mail, so an additional five days is added to the 45-day period set forth in the order (*see* CPLR 2103 [b] [2]; *Pace v Oliver*, 204 AD2d 1058, 1058-1059). Plaintiff was therefore required to comply with the order within 50 days of the date of service, and defendants moved to dismiss the amended complaint for failure to comply with the order several days before the expiration of

the 50-day period.  Thus, defendants' motion was premature, and the court erred in granting it (*see* *generally* *Carpenter v Browning-Ferris Indus.*, 307 AD2d 713, 715-716).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court