■ ANTONELLA CAFARO, Appellant, v JOSEPH L. TINEO et al., Defendants. [22 NYS3d 909]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated August 22, 2014, which denied her unopposed motion for leave to enter a judgment of foreclosure and sale and to confirm a referee's report dated July 27, 2012.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for leave to enter a judgment of foreclosure and sale and to confirm a referee's report dated July 27, 2012, is granted.

The plaintiff was awarded summary judgment in this action to foreclose a mortgage held on certain property located in Brooklyn, and the matter was referred to a referee to compute the amount due and owing to the plaintiff. Subsequently, the plaintiff moved for leave to enter a judgment of foreclosure and sale and to confirm a referee's report dated July 27, 2012. The Supreme Court denied the plaintiff's motion, finding that the plaintiff failed to present sufficient proof of the mortgage and of her entitlement to foreclose on the property. We reverse.

The Supreme Court erred in denying the plaintiff's motion for leave to enter a judgment of foreclosure and sale and to confirm the referee's report dated July 27, 2012. Contrary to the court's determination, and as evidenced by the award of summary judgment to the plaintiff, the plaintiff established her entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895 [2013]; *cf. Wells Fargo Bank Minn., N.A. v Perez*, 70 AD3d 817 [2010]). Furthermore, the plaintiff established the amount due under the note by submitting the referee's report dated July 27, 2012 (*see HSBC Bank USA, N.A. v Simmons*, 125 AD3d 930, 932 [2015]). No opposition to the plaintiff's motion was filed. Accordingly, the plaintiff's motion should have been granted. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.