■ WELLS FARGO BANK, N.A., Appellant, v WILLIE MAE FRIERSON, Respondent, et al., Defendants. [55 NYS3d 332]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated February 13, 2015, which denied its motion to confirm a referee's report and for a judgment of foreclosure and sale.

Ordered that the order is affirmed, without costs or disbursements.

In 2007, the plaintiff commenced this action to foreclose a mortgage encumbering property owned by the defendant Willie Mae Frierson (hereinafter the defendant). The defendant served an answer to the complaint. By order dated March 20, 2014, the Supreme Court granted the plaintiff's motion, inter alia, to restore the case to the active calendar, for summary judgment, and for an order of reference (hereinafter the summary judgment order). The summary judgment order contained a provision directing that a copy of the order with notice of entry be served upon, among others, the owner of the equity of redemption, and specifying that proof of such service "must accompany any application for final judgment of foreclosure and sale."

Following receipt of the referee's report, the plaintiff moved to confirm the report and for a judgment of foreclosure and sale. The defendant opposed the motion, arguing through her newly retained counsel that the plaintiff failed to comply with the provision in the summary judgment order directing that a copy of the order with notice of entry be served on her, as the owner of the equity of redemption. Specifically, the defendant

established, through the submission of documentary evidence, that service was made on her prior counsel at 397 Decatur Street, Brooklyn, even though her prior counsel's address at all times was 379 Decatur Street. The defendant contended, inter alia, that the failure to comply with the service provision in the summary judgment order rendered that order null and void. The plaintiff did not submit a reply to the defendant's opposition. The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.

"[I]t is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced" (*Matter of Raes Pharm. v Perales*, 181 AD2d 58, 62 [1992]; *see Holmes v Minnamon*, 122 AD3d 1285 [2014]). Thus, " '[w]here the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is required to serve it on the adverse party' " (*Fried v Carlucci & Legum*, 309 AD2d 829, 830 [2003], quoting *McCormick v Mars Assoc.*, 25 AD2d 433, 433 [1966]; *see* CPLR 2220; *Holmes v Minnamon*, 122 AD3d at 1285; *Lyons v Butler*, 134 AD2d 576, 577 [1987]; *Cultural Ctr. Comm. v Kokoritsis*, 103 AD2d 1018 [1984]).

Here, the summary judgment order indisputably affected the rights of the defendant. Consequently, it was incumbent upon the plaintiff, in moving to confirm the referee's report and for a judgment of foreclosure and sale, to demonstrate that the order was properly served upon the defendant's attorney of record (*see* CPLR 2220 [b]; 2103 [b]). Indeed, the summary judgment order provided that proof of such service "must accompany any application for final judgment of foreclosure and sale." The plaintiff failed to do so.

Contrary to the defendant's contention before the Supreme Court, the plaintiff's failure to properly serve a copy of the summary judgment order with notice of entry did not render that order null and void (*see* CPLR 2004). However, since the plaintiff failed to establish that a copy of the summary judgment order with notice of entry was properly served upon the defendant, its motion to confirm the referee's report and for a judgment of foreclosure and sale was properly denied on that ground (*cf. Cafaro v Tineo*, 135 AD3d 887 [2016]).

In light of our determination, we need not reach the plaintiff's remaining contention. Chambers, J.P., Austin, Roman and Barros, JJ., concur.