Wolf Props. Assoc., L.P. v Castle Restoration, LLC (2019 NY Slip Op 05808)





Wolf Props. Assoc., L.P. v Castle Restoration, LLC


2019 NY Slip Op 05808


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-10795
 (Index No. 16740/13)

[*1]Wolf Properties Associates, L.P., respondent,
v
Castle Restoration, LLC, appellant.


Abrams, Fensterman, Fensterman, Eisman, Foramto, Ferrara & Wolf, LLP, Lake Success, NY (Matthew F. Didora and John S. Cahalan of counsel), for appellant.
Goldberg, Scudieri & Lindenberg, P.C., New York, NY (M. Brian Cronk of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered September 6, 2016. The order, upon the defendant's failure to comply with so much of an order of the same court entered May 23, 2016, as conditionally granted that branch of the plaintiff's prior motion which was to strike the defendant's answer unless the defendant provided the plaintiff with outstanding discovery responses on or before June 17, 2016, struck the defendant's answer and granted the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order entered September 6, 2016, is reversed, on the law, with costs, the defendant's answer is reinstated, and the plaintiff's motion for summary judgment on the complaint is denied.
In March 2012, the defendant tenant signed a two-year lease with the plaintiff landlord to rent certain premises located in Queens. In 2013, the plaintiff commenced this action, inter alia, to recover damages for the defendant's alleged breach of the lease.
In January 2014, the plaintiff served, among other things, discovery demands upon the defendant. After the defendant failed to respond to those demands and the plaintiff's two previous discovery-related motions were resolved or denied, in February 2016, the plaintiff moved to strike the defendant's answer due to its failure to comply with outstanding discovery demands and for summary judgment on the complaint on the merits (hereinafter the prior motion). In support of the prior motion, the plaintiff submitted an affidavit of its principal, who averred that the defendant failed to pay any rent during its tenancy and, upon vacating, left the premises in a deplorable condition, causing the plaintiff to incur costs to clean the premises. The plaintiff also submitted, among other things, copies of the subject lease and two invoices from a contractor with respect to work performed at the subject premises after the defendant left.
In opposition, the defendant, through an affidavit of its principal, argued that it did not owe rent to the plaintiff as a result of constructive or actual eviction, since the prior tenant never [*2]removed its belongings, including garbage, broken equipment, office furniture, and files, from the premises, preventing the defendant from experiencing full enjoyment of the leased premises. The defendant submitted numerous photographs taken of the premises purportedly depicting the prior tenant's property that was left at the premises. In reply, the plaintiff asserted that the defendant had agreed to take the premises as is and the items left behind were part of an asset sales agreement between the defendant and the prior tenant. The plaintiff submitted a copy of the asset sales agreement as an exhibit.
In an order entered May 23, 2016 (hereinafter the May 2016 order), the Supreme Court, inter alia, denied that branch of the plaintiff's prior motion which was for summary judgment on the complaint and conditionally granted that branch of the prior motion which was to strike the defendant's answer unless the defendant provided the plaintiff with outstanding discovery responses by June 17, 2016. With respect to that branch of the prior motion which was to strike the defendant's answer, the court found that the plaintiff failed to show that the defendant's actions were in bad faith. With respect to that branch of the prior motion which was for summary judgment on the complaint, the court found that, although the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law, the defendant, in opposition, raised a triable issue of fact as to whether the prior tenant occupied the premises in contravention of the lease provisions. The court also found that there were differences in the affidavits of the parties' principals regarding the agreement between the parties and the state of the premises.
When the defendant did not provide responses to the plaintiff's discovery requests by June 17, 2016, as required by the May 2016 order, the plaintiff moved for summary judgment on the complaint (hereinafter the subject motion). The plaintiff argued that the defendant's answer was stricken as a matter of law since the defendant did not respond to the discovery requests in accordance with the directives of the May 2016 order. The plaintiff provided an updated affidavit from its principal that essentially contained the same facts and arguments raised on the prior motion as to why the plaintiff was entitled to summary judgment on the complaint.
In opposition, the defendant argued that it was not aware that the Supreme Court had issued the May 2016 order until the plaintiff annexed a copy of that order as an exhibit to the subject motion, since a copy of the May 2016 order was never provided to it. The defendant maintained that it had produced all of the photographs in its possession in opposition to the prior motion and that it did not intend to engage an expert. The defendant also argued that the plaintiff was not entitled to summary judgment on the complaint for the reasons the defendant raised in opposition to the prior motion and noted that the court had denied the plaintiff's prior motion for the same relief on the ground that issues of fact existed, quoting from the May 2016 order.
In an order entered September 6, 2016, the Supreme Court granted the subject motion. The court reasoned that the defendant should have known when a decision was rendered on the prior motion. The court also found that the defendant's conduct was willful and, as a result, struck the defendant's answer due to its failure to comply with the May 2016 order. Further, the court determined that, in any event, the defendant failed to oppose the subject motion on the merits. The court determined that the plaintiff was entitled to summary judgment on the complaint, reasoning that the plaintiff, through the submission of its principal's affidavit, the lease, and the receipts from the contractor it hired to clear the premises after the defendant vacated it, demonstrated its entitlement to judgment as a matter of law. The defendant appeals. We reverse.
Where a party fails to comply with the terms of a conditional order prior to the deadline imposed therein, the conditional order becomes absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013; State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007, 1007-1008). However, " [i]t is axiomatic that before an order may be enforced, notice of such order must be given to the party against whom it is sought to be enforced'" (Wells Fargo Bank, N.A. v Frierson, 150 AD3d 1045, 1046, quoting Matter of Raes Pharm. v Perales, 181 AD2d 58, 62). Further, " [w]here the rights of a party are or may be affected by an order, the successful moving party, in order to give validity to the order, is [*3]required to serve it on the adverse party'" (Fried v Carlucci & Legum, 309 AD2d 829, 830, quoting McCormick v Mars Assoc., 25 AD2d 433, 433; see CPLR 2220; Wells Fargo Bank, N.A. v Frierson, 150 AD3d at 1046).
Here, the plaintiff, as the successful moving party given that the Supreme Court conditionally granted that branch of the prior motion which was to strike the defendant's answer, was required to serve the May 2016 order on the defendant for that order to be enforceable against the defendant with respect to its answer being stricken in the event that it failed to provide discovery responses by June 17, 2016 (see Wells Fargo Bank, N.A. v Frierson, 150 AD3d at 1046; Fried v Carlucci & Legum, 309 AD2d at 830). The plaintiff's contention that since the May 2016 order did not specify that the plaintiff had to serve a copy of that order with notice of entry upon the defendant, the plaintiff did not have to do so before that order was enforceable against the defendant, is without merit (see CPLR 2220). Since the defendant did not have notice of the May 2016 order, its failure to provide discovery respondes by June 17, 2016, was not willful.
Further, "[t]he doctrine of . . . law of the case seeks to prevent [litigation] of issues of law that have already been determined at an earlier stage of the proceeding" (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722; see Kopsidas v Krokos, 18 AD3d 822, 823). The law of the case doctrine applies "only to legal determinations that were necessarily resolved on the merits in a prior decision" (Brownrigg v New York City Hous. Auth., 29 AD3d at 722; see Ramanathan v Aharon, 109 AD3d 529, 530) and "to the same questions presented in the same case" (Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 AD3d at 530). The doctrine "forecloses reexamination of [an issue previously determined] absent a showing of newly discovered evidence or a change in the law" (Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669).
Although this Court is not bound by the law of the case doctrine in the same manner as the Supreme Court and may make its own determination (see Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799, 800; Ramanathan v Aharon, 109 AD3d at 530), " [w]hen there is an appeal from an order which is found to have been made in violation of the doctrine of law of the case, the Appellate Division may properly reverse it for that reason alone, without regard to the merits'" (Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 936, quoting Post v Post, 141 AD2d 518, 519).
Here, in the May 2016 order, the Supreme Court determined that, in opposition to the plaintiff meeting its prima facie burden when moving for summary judgment on the complaint, the defendant raised a triable issue of fact as to whether it was actually or constructively evicted from the subject premises due to the manner in which the prior tenant left the premises. Consequently, upon being presented with nearly identical moving papers from the plaintiff on the subject motion for summary judgment on the complaint as was presented on the prior motion, the court, in reaching a decision on the merits of the subject motion, should have denied the subject motion since there was no showing of newly discovered evidence or a change in the law (see Wells Fargo Bank, N.A. v Fleurant, 150 AD3d 790, 791; Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253-1254; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d at 668-669).
The plaintiff's remaining contentions either are without merit or not properly before this Court.
Accordingly, the Supreme Court should not have stricken the defendant's answer and should have denied the subject motion for summary judgment on the complaint.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court