DLJ Mtge. Capital, Inc. v Ramnarine (2019 NY Slip Op 08392)





DLJ Mtge. Capital, Inc. v Ramnarine


2019 NY Slip Op 08392


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09377
 (Index No. 25830/07)

[*1]DLJ Mortgage Capital, Inc., appellant,
v
Pooranchand Ramnarine, et al., defendants.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 29, 2017. The order denied the plaintiff's unopposed motion for a judgment of foreclosure and sale, with leave to renew.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for a judgment of foreclosure and sale is granted.
In October 2007, CIT Group/Consumer Finance, Inc. (hereinafter CIT), commenced this action against the defendants Donna Ramnarine and Pooranchand Ramnarine (hereinafter together the defendants), among others, to foreclose a mortgage on real property in Queens Village. The defendants failed to appear or answer the complaint. Thereafter, CIT assigned the mortgage to Aurora Loan Services, LLC (hereinafter Aurora). In February 2013, Aurora filed a supplemental summons and amended complaint. The mortgage was later assigned to DLJ Mortgage Capital, Inc. (hereinafter DLJ). In an order dated May 10, 2016, the Supreme Court, inter alia, in effect, awarded a default judgment, amended the caption to substitute DLJ as the plaintiff, and referred the matter to a referee to compute the amount due on the mortgage loan. In April 2017, DLJ moved for a judgment of foreclosure and sale. The defendants did not oppose the motion. By order entered June 29, 2017, the court denied the motion, with leave to renew, finding that the affidavits of service filed with the court failed to show that the persons to whom the summons and complaint were delivered were persons of suitable age and discretion and, thus, reasonably likely to convey the summons to the defendants. DLJ appeals.
As DLJ contends, the Supreme Court should not have denied its motion for a judgment of foreclosure and sale upon finding that DLJ failed to show that the defendants were properly served. The defendants did not oppose DLJ's motion on any ground, including lack of personal jurisdiction. Therefore, the court should not have, sua sponte, raised the issue of the propriety of service (see Matter of Monroe County Dept. of Human Servs.—CSEU v Derrell M., 111 AD3d 1394, 1394; Putnam County Sav. Bank v Fishel, 110 AD3d 779, 779-780; Buckeye Retirement Co., L.L.C., Ltd. v Lee, 41 AD3d 183, 184).
Moreover, DLJ demonstrated its entitlement to a judgment of foreclosure and sale by submitting evidence establishing the merits of its unopposed motion and the referee's findings [*2]and report (see US Bank N.A. v Saraceno, 147 AD3d 1005, 1006-1007; Cafaro v Tineo, 135 AD3d 887, 887; HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 932).
Accordingly, the Supreme Court should have granted DLJ's motion for a judgment of foreclosure and sale.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court