Cohen v Cohen (2020 NY Slip Op 00567)





Cohen v Cohen


2020 NY Slip Op 00567


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2014-04423 
2014-05419
2014-09711
 (Index No. 10934/10)

[*1]David M. Cohen, plaintiff-respondent,
v
Stanley Cohen, et al., appellants, Martin Cohen, et al., defendants-respondents, et al., defendants.


Certilman Balin Adler & Hyman, LLP, Hauppauge, NY (Glenn B. Gruder of counsel), for appellants.
Rosenberg Calica & Birney LLP, Garden City, NY (Ronald Rosenberg and Lesley A. Reardon of counsel), for plaintiff-respondent.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Michael C. Mulè, and Tamika N. Hardy of counsel), for defendant-respondent Five Towns College.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Stanley Cohen, individually and as trustee of Five Towns College Real Property Trust, and as general partner of the Stanley and Lorraine Cohen Family Limited Partnership, Patricia Schmidt, and Robert Sherman appeal from (1) an order of the Supreme Court, Suffolk County (Emily Pines, J.), dated April 23, 2014, (2) a corrected order of the same court entered May 2, 2014, and (3) a judgment of the same court dated May 23, 2014. The order and the corrected order granted the plaintiff's motion for summary judgment on his second cause of action. The judgment, upon the corrected order, is in favor of the plaintiff and against the defendants, removing Stanley G. Cohen as general partner of the Stanley and Lorraine Cohen Family Limited Partnership and elevating the plaintiff to the status of general partner in his stead.
ORDERED that the appeals from the order and corrected order are dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the order dated April 23, 2014, and the corrected order entered May 2, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248). Moreover, the appeal from the order dated April 23, 2014, must be dismissed as that order was superseded by the corrected order. The issues raised on the appeal from the corrected order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Stanley and Lorraine Cohen Family Limited Partnership (hereinafter the [*2]Partnership) was formed by the defendant Stanley Cohen (hereinafter Stanley) and his wife, Lorraine Cohen (hereinafter Lorraine), to hold as an asset Five Towns College, a private, for-profit college dedicated to the performing arts. According to the partnership agreement, Stanley and Lorraine were the Partnership's general partners. After Lorraine was diagnosed with cancer, the Cohens' children, including the plaintiff, David M. Cohen, became limited partners of the Partnership. After Lorraine died, Stanley, acting as the Partnership's sole general partner, took certain steps that caused the plaintiff to commence this action. The plaintiff moved for summary judgment on his second cause of action, which sought to remove Stanley as general partner for breaching his fiduciary duty to the Partnership and its limited partners and replace Stanley with himself. The Supreme Court granted the motion.
We agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the second cause of action. In support of the motion, the plaintiff established, prima facie, that Stanley breached his fiduciary duty to the Partnership and its limited partners by engaging in self-dealing, placing his personal interests in conflict with those of the Partnership (see Birmbaum v Birmbaum, 73 NY2d 461, 466). In opposition to the motion, the appellants failed to raise a triable issue of fact. Contrary to the appellants' contention, Stanley's self-dealing was not "actually contemplated and authorized" by the partnership agreement at issue (see Riviera Congress Assoc. v Yassky, 18 NY2d 540, 548).
Contrary to the appellants' further contention, the Supreme Court's grant of the plaintiff's motion did not violate the doctrine of law of the case. The court's prior order, dated January 5, 2012, which we are affirming on the companion appeal (see Cohen v Cohen, ___ AD3d ___ [Appellate Division Docket No. 2012-01889; decided herewith), did not determine that the partnership agreement was an unenforceable, illegal agreement. Rather, the court only held that the defense of illegality could not be summarily decided due to the existence of triable issues of fact. In any event, this Court is not bound by the doctrine of law of the case as established by the Supreme Court and may make its own determination as to whether the plaintiff established as a matter of law his entitlement to summary judgment on his cause of action seeking to remove Stanley as general partner (see Martin v City of Cohoes, 37 NY2d 162; Ramanathan v Aharon, 109 AD3d 529, 530). We conclude that summary judgment was appropriately granted.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court