Matter of Koegel (2020 NY Slip Op 03415)





Matter of Koegel


2020 NY Slip Op 03415


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-03605

[*1]In the Matter of John Koegel, etc., deceased. John B. Koegel, etc., respondent; Irene Lawrence Koegel, appellant. (File No. 452/14)


Himmel & Bernstein, LLP, New York, NY (Andrew D. Himmel of counsel), for appellant.
Greenberg Traurig, LLP, Albany, NY (Susan Phillips Read of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which John B. Koegel, as executor of the estate of William F. Koegel, petitioned pursuant to SCPA 1421 to invalidate a notice of election made pursuant to Estates, Powers and Trusts Law § 5-1.1-A and for a declaration that Irene Lawrence Koegel was not entitled to an elective share of the estate of William F. Koegel, Irene Lawrence Koegel appeals from an order of the Surrogate's Court, Westchester County (Brandon R. Sall, S.), dated February 5, 2019. The order granted the petitioner's motion for summary judgment on the petition.
ORDERED that the order is affirmed, with costs.
Prior to their marriage in 1984, William F. Koegel (hereinafter the decedent) and Irene Lawrence Koegel (hereinafter the appellant) executed a prenuptial agreement whereby they each waived and relinquished "any elective or statutory share granted under the laws of any jurisdiction." Following the decedent's death in 2014, his will was admitted to probate, and letters testamentary were issued to the petitioner. The appellant thereafter served a notice of election of the spousal elective share pursuant to Estates, Powers and Trusts Law § 5-1.1-A. The petitioner then commenced this proceeding pursuant to SCPA 1421 against the appellant in December 2014, seeking to invalidate the notice of election based upon the prenuptial agreement. After interposing an answer and objections, the appellant moved pursuant to CPLR 3211(a)(1) and Domestic Relations Law § 236(B)(3) to dismiss the petition on the basis that the acknowledgment of the prenuptial agreement was defective and unenforceable. The petitioner opposed the motion and submitted affidavits of the two notaries who took the acknowledgments and who each knew the individual signer signing before him. By order dated June 23, 2015, the Surrogate's Court (Thomas E. Walsh II, A.S.) denied the motion. On February 7, 2017, this Court affirmed the Surrogate's Court's order on the basis that extrinsic proof provided by the notary who took a party's signature could remedy a defective acknowledgment of a prenuptial agreement and that the affidavits of the notaries who took the acknowledgments in this case cured the defect in the acknowledgment (Matter of Koegel, 160 AD3d 11, 27).
Subsequently, the petitioner, relying, inter alia, on the affidavits, moved for summary judgment on the petition. In an order dated February 5, 2019, the Surrogate's Court (Brandon R. Sall, S.) granted the motion, concluding that the issue of the sufficiency of the affidavits was not properly before the court due to the determination on the prior appeal that those affidavits cured the defect in the acknowledgment of the prenuptial agreement. The court determined that, in any event, the affidavits were sufficient to cure the defect, since they were based on the notaries' personal knowledge of the signers and the notaries' actual observation of the signing. This appeal is from the order dated February 5, 2019.
"The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165 [internal quotation marks omitted]; see Matter of Chung Li, 165 AD3d 1105, 1106; Ramanathan v Aharon, 109 AD3d 529, 530). Law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Ramanathan v Aharon, 109 AD3d at 530 [citations and internal quotation marks omitted]; see Matter of Chung Li, 165 AD3d at 1106). " An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the [Surrogate's] Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law'" (Matter of Norton v Town of Islip, 167 AD3d 624, 626, quoting J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809; see Matter of Chung Li, 165 AD3d at 1106; Voss v Netherlands Ins. Co., 136 AD3d 1288, 1289).
Here, the issue of whether extrinsic evidence could cure a defect in the acknowledgment of a prenuptial agreement was previously raised and decided against the appellant on the prior appeal in this matter (see Matter of Koegel, 160 AD3d at 23-27). Accordingly, reconsideration of that issue is barred by the law of the case doctrine (see Matter of Norton v Town of Islip, 167 AD3d at 626; Matter of Chung Li, 165 AD3d at 1106; Voss v Netherlands Ins. Co., 136 AD3d at 1289; J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d at 809).
Accordingly, we agree with the Surrogate's Court's determination to grant the petitioner's motion for summary judgment on the petition.
In light of the foregoing, the parties' remaining contentions need not be reached.
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court