Garcia v Horan (2025 NY Slip Op 03307)

Garcia v Horan

2025 NY Slip Op 03307

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-01139
 (Index No. 717490/20)

[*1]Alberto Garcia, plaintiff, 
v
Kim L. Horan, et al., defendants third-party plaintiffs-appellants; Wanka Peruvian Chicken Corp., third-party defendant-respondent.

Gannon, Rosenfarb & Drossman, New York, NY (Lisa L. Gokhulsingh of counsel), for defendants third-party plaintiffs-appellants.
Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains, NY (Terence E. Dempsey and Edward Nicholson of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered January 27, 2021. The order denied the motion of the defendants third-party plaintiffs for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed, with costs.
Ripley Enterprises was the owner of a building located in Maspeth. Wanka Peruvian Chicken Corp. (hereinafter the tenant) leased the first floor and basement of the building for the purposes of operating a restaurant. In January 2013, the plaintiff, an employee of the tenant, allegedly was injured when he tripped and fell on a concrete surface in the rear yard of the building. In January 2014, the plaintiff commenced this personal injury action (hereinafter the main action) against Ripley Enterprises' principal (hereinafter the landlord). The landlord answered the complaint and commenced a third-party action against the tenant, seeking, inter alia, contractual indemnification. Following the completion of discovery, the landlord moved, among other things, for summary judgment on the third-party cause of action for contractual indemnification. In an order dated October 18, 2017, the Supreme Court, inter alia, denied that branch of the landlord's motion (hereinafter the 2017 order).
In January 2020, the plaintiff and the landlord settled the main action. A general release in favor of the landlord was executed by the plaintiff, and a partial stipulation of discontinuance, which expressly preserved the third-party action between the landlord and the tenant, was filed.
The landlord thereafter moved again for summary judgment on its third-party cause of action for contractual indemnification. In an order entered January 27, 2021, the Supreme Court denied the landlord's motion. The court determined that the 2017 order denying that branch of the [*2]landlord's prior motion which was for summary judgment on the third-party cause of action for contractual indemnification was the law of the case and therefore precluded re-litigation of the same issue. The landlord appeals from the order entered January 27, 2021.
The law of the case doctrine "'forecloses reexamination of [an issue already determined in a court of co-ordinate jurisdiction] absent a showing of newly discovered evidence or a change in the law'" (Vehifax Corp. v Georgilis, 205 AD3d 973, 975, quoting Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669; see Matter of Koegel, 184 AD3d 764, 765, affd sub nom Anderson v Anderson, 37 NY3d 444). "Law of the case 'applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case'" (Matter of Koegel, 184 AD3d at 766, quoting Ramanathan v Aharon, 109 AD3d 529, 530; see Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253).
Inasmuch as the 2017 order denied that branch of the landlord's motion which was for summary judgment on its third-party cause of action for contractual indemnification on the merits, that order is the law of the case. The landlord's subsequent motion seeking the same relief did not point to a change of law nor was it supported by new evidence (see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842; Strujan v Glencord Bldg. Corp., 137 AD3d at 1254; Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d at 669).
Furthermore, as the tenant correctly contends, the landlord's motion was an improper successive motion for summary judgment, and the landlord failed to demonstrate the existence of any newly discovered evidence or other cause sufficient for the Supreme Court to consider the second motion for summary judgment (see Sutter v Wakefern Food Corp., 69 AD3d 844, 845; 313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d 901, 903). In addition, pursuant to CPLR 3212(a), unless the court directs otherwise, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d 648, 651; Navaro v Damac Realty, LLC, 202 AD3d 1100, 1101). Here, the landlord failed to establish good cause for moving for summary judgment more than six years after the note of issue was filed and more than three years after discovery was completed. Accordingly, the motion was untimely.
In light of our determination, the landlord's remaining contention need not be reached.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court